LOFTON *v.* THE STATE. TOWNS *v.* THE STATE.

LAMAR, J. 1. The defendants were jointly indicted and were tried together, as principals in the first degree, for burglary. Neither testified. Their statements were exactly the same. Under all of the evidence the same verdict must necessarily have been returned as to both. They were both found guilty, but made separate motions for a new trial, and sued out separate bills of exceptions. *Held*, that the charge, if not exact, could not have been understood by the jury to mean that both should be convicted if only one was guilty, but rather that either or both should be found guilty or not, according as the jury believed the facts.

2. There was evidence from which it could have been found that the defendants were the actual perpetrators of the offense, and other testimony from which the jury could have found that they watched while the burglary was committed. The charge on the subject of principals in the second degree was therefore warranted by the evidence ; and the punishment in case of conviction for guilt in either degree being the same, they could have been convicted generally, although the jury believed that they were only liable as principals in the second degree. *McWhorter* v. *State*, 118 *Ga.* 55.

3. The evidence warranted the verdict.

*Judgment affirmed. All the Justices concur.*

Submitted October 19, — Decided November 10, 1904.

Indictments for burglary. Before Judge Henry. Floyd superior court. September 2, 5, 1904.

*M. B. Eubanks* and *C. E. Davis*, for plaintiffs in error.
*Moses Wright, solicitor-general*, contra.