## 29629. MITCHELL v. THE STATE.

UNDERCOFLER, Presiding Justice.

This murder case is before this court by appeal and for mandatory review of the death sentence imposed upon the defendant following his plea of guilty. The defendant, William "Billy" Mitchell, was charged with committing the offense of murder on August 11, 1974; he was indicted by a grand jury of Worth County on October 28, 1974; and following a plea of guilty on November 5, 1974, the death sentence was imposed by the trial judge.

After the defendant's plea of guilty was entered, the prosecution presented the testimony of the victim's mother who witnessed the offense, two policemen and a deputy sheriff who investigated the offense and a medical doctor who examined the victim and his mother and a pre-trial statement of the defendant. After accepting the plea of guilty[1] and hearing evidence, the trial judge found aggravating circumstances and imposed the death sentence.

---

[1]Before accepting the guilty plea, the trial court ascertained that: (a) appellant is 22 years old, has attended college 2 1/2 years and can read and write the

## I. Factual Setting.

At 7:00 o'clock on Sunday morning, August 11, 1974, Mrs. James Carr and her 14-year-old son, Christopher Carr, opened IGA Store Number 13, a convenience grocery mart in Worth County, Georgia, for business.

Fifteen minutes later, William "Billy" Mitchell, appellant, entered the store. After meandering by the drink box, he returned to the checkout counter where Mrs. Carr and Christopher stood, pulled a pistol and pointed it at Mrs. Carr, who was less than three feet away, and demanded all the money.

She handed him $150 in bills from the cash register. He also wanted any money she had personally, so she surrendered $15 that was in her purse. He got some money from her son Christopher.

Appellant then ordered them to, "Go to the back (of the store)." Christopher and his mother marched to the rear at the point of appellant's gun. They walked through the meat room to a door leading to the cooler. Appellant opened the cooler door, carried Christopher Carr inside, stepped back out, said to Mrs. Carr, "I've never had a white bitch before," shoving her towards the adjoining bathroom.

"Oh my God, no!" Mrs. Carr protested, whereupon appellant said, "Into the cooler!" and pushed her into the room with her son. At appellant's order both got on the floor, Chris sitting down, his mother squatting.

Appellant then proceeded to shoot Christopher Carr,

---

English language; (b) appellant understood that he had a right to a jury trial; (c) appellant understood that if he plead guilty the judge alone could sentence him to life imprisonment or to death by electrocution; (d) appellant understood that the judge had given no indication to anybody as to what his sentence would be if he plead guilty; (e) the plea of guilty was freely and voluntarily entered and was not induced by any promise of leniency, or reward or pressure in any way; (f) appellant was factually guilty; (g) appellant persisted in his plea of guilty; (h) appellant's attorney was in accord with appellant's desire to plead guilty.

the murder victim, in the left chest. He then shot Mrs. Carr in the back of the head and left the cooler room temporarily. Moments later he returned, shot Christopher again, this time in the back of his head. He shot Mrs. Carr three more times before returning to the main part of the store.

Two young boys had entered the main part of the store and appellant pointed his gun at one of them and snapped it several times but it did not fire. He took money from one of the boys and marched them back to the cooler room at gunpoint where he again snapped the gun at one of the boys but again it did not fire. He closed the cooler door and left the store.

## II. Enumeration of Errors.

Appellant, William "Billy" Mitchell, enumerates as error that: "The trial court erred in failing to rule sua sponte that the Georgia death penalty statute is unconstitutional and violative of the Eighth and Fourteenth Amendments to the Constitution of the United States. The court further erred in applying said unconstitutional statute to appellant by imposing the death penalty upon him."

This enumeration raises two legal questions: (1) whether the death penalty statute is unconstitutional on its face and, (2) whether the statute, as applied to William "Billy" Mitchell is unconstitutional.

The first question has been raised repeatedly in this court. In each instance the court has examined the assertions and held in favor of the constitutionality of the Georgia statute. Code Ann. § 27-2534.1 (Ga. L. 1973, pp. 159, 163); Code Ann. § 27-2537 (Ga. L. 1973, pp. 159, 165). See *Coley v. State,* 231 Ga. 829 (204 SE2d 612); *House v. State,* 232 Ga. 140, 145 (205 SE2d 217); *Eberheart v. State,* 232 Ga. 247 (206 SE2d 12); *Gregg v. State,* 233 Ga. 117 (210 SE2d 659); *Hooks v. State,* 233 Ga. 149 (210 SE2d 668). No argument is advanced herein to convince us to overturn those decisions.

The second question will be resolved on sentence review.

## III. Sentence Review.

The trial judge imposed the death sentence in this case without the intervention of a jury. The statute gives

him this authority when a guilty plea is entered. We have reviewed the sentence in accord with Code Ann. § 27-2537 (c) (1-3), as we did in *Coley, House, Eberheart, Gregg,* and *Hooks,* all supra, and conclude that the sentence of death imposed on William "Billy" Mitchell was not imposed under the influence of passion, prejudice, or any other arbitrary factor. The evidence supports the trial judge's finding of statutory aggravating circumstances, viz., that the offense of murder was committed while the offender was in the commission of aggravated battery and while committing armed robbery.

We have compared the evidence and sentence in this case with other similar cases and conclude the sentence of death is not excessive or disproportionate to the penalty imposed in those cases. Those similar cases we considered are listed in the appendix attached to this opinion.

The transcript and record before us reveal that the conviction and sentence are not contrary to law, and there is ample evidence, in addition to the plea of guilty, to support the trial court's judgment. In our opinion the case was fairly tried. The judgment of the trial court will, therefore, be affirmed.

*Judgment affirmed. All the Justices concur, except Gunter, J., who dissents.*

ARGUED FEBRUARY 10, 1975 — DECIDED APRIL 9, 1975.

*Clarence A. Miller, Bobby L. Hill,* for appellant.

*W. J. Forehand, District Attorney, Arthur K. Bolton, Attorney General, John B. Ballard, Jr., Assistant Attorney General,* for appellee.

APPENDIX.

Similar cases considered by the court: *Lingo v. State,* 226 Ga. 496 (175 SE2d 657); *Johnson v. State,* 226 Ga. 511 (175 SE2d 840); *Pass v. State,* 227 Ga. 730 (182 SE2d 779); *Callahan v. State,* 229 Ga. 737 (194 SE2d 431); *Whitlock v. State,* 230 Ga. 700 (198 SE2d 865); *Kramer v. State,* 230 Ga. 855 (199 SE2d 805); *Bennett v. State,* 231 Ga. 458 (202 SE2d 99); *Howard v. State,* 231 Ga. 186 (200 SE2d 755); *Hunter v. State,* 231 Ga. 494 (202 SE2d 441); *Morgan v. State,* 231 Ga. 280 (201 SE2d 468); *Creamer v. State,* 232 Ga. 136 (205 SE2d 240); *House v. State,* 232 Ga. 140 (205

SE2d 217); *Morgan v. State,* 233 Ga. 360 (211 SE2d 285); *Gregg v. State,* 233 Ga. 117 (210 SE2d 659); *Floyd v. State,* 233 Ga. 280 (210 SE2d 810); *Moore v. State,* 233 Ga. 861.