## 34588. BAKER v. THE STATE.

MARSHALL, Justice.

The appellant was convicted of murder and armed robbery. He received a death sentence for the murder conviction and a sentence of life imprisonment for the armed robbery conviction. His case is here on direct appeal and for mandatory review of the death sentence imposed.

### I. Summary of the Evidence.

The evidence authorized the jury in finding the following:

On the evening of May 5, 1978, the victim, Dennis Beatenbo, was drinking at a Holiday Inn adjacent to Interstate 85 in Norcross, Georgia. On this same evening, the appellant and Ricky Massey were drinking and driving in the Norcross-Doraville area. At approximately midnight, the victim left the Holiday Inn to go to his car, which was parked nearby at his place of employment. The appellant and Massey passed Beatenbo en route to his car, and they stopped and offered him a ride. In exchange for the ride, Beatenbo offered the appellant and Massey some liquor which he had in his car. In a confession later given by the appellant to police, he stated that when Beatenbo got out of the car to get the liquor, Massey suggested that they "roll him." The three men began riding around together and drinking, and they drove to an isolated spot near a lake. Beatenbo began to get sick and Massey opened the car door so Beatenbo could get out.

In his confession to police, the appellant stated that as Beatenbo was lying on the back seat with his head hanging down, the appellant hit him over the head with a liquor bottle; that Beatenbo fell out of the car; and that the appellant then took his watch and wallet. As stated by the appellant, "I reached in my belt with my right hand and pulled out my pistol and the guy was still laying [sic] on his back. I pointed the gun at the man and I pulled the trigger. I don't know how many times I shot him, but I could hear him moaning and trying to say something."

Medical testimony established the cause of death as a gunshot wound to the chest. It was also established that the victim had been hit with the bottle in the face, rather

than on the back of his head, and that the victim received a total of four gunshot wounds. Three of the gunshot wounds were fired into the victim's chest at point-blank range, and the fourth gunshot was fired between his legs after he had died. The bullets recovered from the victim's body were shown to have been fired from the appellant's gun.

In mitigation, the appellant introduced evidence depicting a rather harrowing history of child abuse.

*II. Enumerations of Error.*

There are two enumerations of error in this appeal.

1. First, the appellant argues that the death penalty can no longer be imposed under Code Ann. § 27-2534.1 (b) (2) (Ga. L. 1973, pp. 159, 163) on the ground that the murder was committed while the offender was engaged in the commission of another capital felony, to wit, armed robbery, since armed robbery is no longer a capital felony. *Collins v. State,* 239 Ga. 400 (236 SE2d 759) (1977); *Gregg v. State,* 233 Ga. 117 (210 SE2d 659) (1974).

It has already been decided in *Peek v. State,* 239 Ga. 422, 431, 432 (238 SE2d 12) (1977) that those crimes which were capital felonies in Georgia at the time Code Ann. § 27-2534.1 (b) (2) was enacted, including armed robbery, continue to be "capital felonies" within the meaning of that statute. This enumeration of error is therefore without merit.

2. In the second enumeration of error, the appellant argues that the trial court erred in overruling his motion to strike the statutory aggravating circumstance found at Code Ann. § 27-2534.1 (b) (7), which authorizes imposition of the death penalty where "[t]he offense of murder, rape, armed robbery, or kidnapping was outrageously or wantonly vile, horrible or inhuman in that it involved torture, a depravity of mind, or an aggravated battery to the victim."

The appellant argues that this statutory aggravating circumstance could not support imposition of the death penalty in this case, since there was no evidence of torture or an aggravated battery to the victim, and since the phrase "depravity of mind" is unconstitutionally vague. The argument that Code Ann. § 27-2534.1 (b) (7) is unconstitutionally vague was rejected by the Supreme

Court of the United States in Gregg v. Georgia, 428 U.S. 153 (96 SC 2909, 49 LE2d 859) (1976) and by this court in *Harris v. State,* 237 Ga. 718 (230 SE2d 1) (1976) (cert. den. 431 U.S. 933 (1977)).

Whether the evidence supports imposition of the death penalty under these two statutory aggravating circumstances, which were found by the jury, will be addressed in the sentence review, infra.

### III. *Sentence Review.*

1. Was the sentence of death imposed under the influence of passion, prejudice, or any other arbitrary factor? We conclude that it was not.

2. Does the evidence support the jury's finding of statutory aggravating circumstances?

In this case, the jury found that the offense of murder was committed while the defendant was engaged in the commission of another capital felony, to wit, armed robbery. Code Ann. § 27-2534.1 (b) (2). In addition, the jury found that the offense of murder was outrageously or wantonly vile, horrible or inhuman in that it involved torture, depravity of mind, or an aggravated battery to the victim. Code Ann. § 27-2534.1 (b) (7).

We conclude that the evidence supports the jury's finding of these statutory aggravating circumstances.

3. Is the sentence of death excessive or disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant?

The appellant's accomplice, Ricky Massey, was also tried for murder and armed robbery; and Massey was sentenced to life imprisonment. See *Massey v. State,* 243 Ga. 228 (253 SE2d 196). The initial question presenting itself is whether the appellant's death sentence is disproportionate to the penalty imposed in Massey's case. We find relevant distinctions between Massey's case and Baker's case, which warrant imposing the severer sanction in this case and not in Massey's. First, it is undisputed that the appellant was the actual perpetrator of the murder and armed robbery; whereas, the proof of Massey's participation in the murder and armed robbery is not so unequivocal. Second, the state did not seek the death penalty in Massey's case. Third, Massey is a more youthful offender than the appellant. Massey was 16

years of age at the time the crimes were committed.

In sum, we find that the appellant's sentence to death is not excessive or disproportionate to the penalty imposed in the case of his accomplice, Ricky Massey. In determining whether the appellant's death sentence is excessive or disproportionate to the penalty imposed in other similar cases, we have considered the cases appealed to this court since January 1, 1970, in which a death or life sentence was imposed for murder, and we find that those similar cases set forth in the appendix support affirmance of the death penalty. Daniel Baker's sentence to death for murder is not excessive or disproportionate to the penalty imposed in similar cases considering both the crime and the defendant; the verdict is factually supported.

We have reviewed the instructions given by the trial judge during the sentencing phase and find that they are not subject to the defects dealt with in our decisions in *Fleming v. State,* 240 Ga. 142 (240 SE2d 37) (1977) and *Hawes v. State,* 240 Ga. 327 (9) (240 SE2d 833) (1977).

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 13, 1979 — DECIDED MAY 31, 1979.

*Wynn Pelham,* for appellant.

*Bryant Huff, District Attorney, Arthur K. Bolton, Attorney General, Nicholas G. Dumich, Staff Assistant Attorney General,* for appellee.

APPENDIX.

*Gregg v. State,* 233 Ga. 117 (210 SE2d 659) (1974); *Floyd v. State,* 233 Ga. 280 (210 SE2d 810) (1974); *Moore v. State,* 233 Ga. 861 (213 SE2d 829) (1974); *Mitchell v. State,* 234 Ga. 160 (214 SE2d 900) (1975); *Berryhill v. State,* 235 Ga. 549 (221 SE2d 185) (1975); *Smith v. State,* 236 Ga. 12 (222 SE2d 308) (1976); *Dobbs v. State,* 236 Ga. 427 (224 SE2d 3) (1976); *Pulliam v. State,* 236 Ga. 460 (224 SE2d 8) (1976); *Birt v. State,* 236 Ga. 815 (225 SE2d 248) (1976); *Young v. State,* 237 Ga. 852 (230 SE2d 287) (1976); *Douthit v. State,* 239 Ga. 81 (235 SE2d 493) (1977); *Corn v. State,* 240 Ga. 130 (240 SE2d 694) (1977); *Stanley v. State,*

240 Ga. 341 (241 SE2d 173) (1977); *Campbell v. State,* 240 Ga. 352 (240 SE2d 828) (1977); *Thomas v. State,* 240 Ga. 393 (242 SE2d 1) (1977); *Alderman v. State,* 241 Ga. 496 (246 SE2d 642) (1978); *Redd v. State,* 242 Ga. 876 (252 SE2d 383) (1979).