34588. BAKER v. THE STATE.

Addendum to 243 Ga. 710.
(September 8, 1980)

By order of the Supreme Court of the United States, this case has, as to sentence only, been vacated and remanded for further consideration by this court in light of Godfrey v. Georgia, 446 U. S. —— (100 SC 1759, 64 LE2d 398) (1980); Baker v. Georgia, —— U. S. —— (—— SC ——, 64 LE2d 820) (1980). Our opinion in this case is reported at 243 Ga. 710 (257 SE2d 192) (1979).

In Godfrey v. Georgia, supra, the Supreme Court of the United

States held that Ga. Code Ann. § 27-2534.1 (b) (7) was unconstitutionally applied as to the specific factual circumstances present in that case. Code Ann. § 27-2534.1 (b) (7) provides in part: "The offense of murder . . . was outrageously or wantonly vile, horrible or inhuman in that it involved torture, depravity of mind, or an aggravated battery to the victim."

The appellant's sentence of death in this case rests partially upon Code Ann. § 27-2534.1 (b) (7).[1]

As mandated, we have reviewed the sentence in this case and this court finds material differences between Godfrey and the case under review, which distinguish this murder from the murder in Godfrey and from other "ordinary" murders for which the death penalty is not appropriate.

The evidence in this case shows that, unlike Godfrey, the victim was not killed instantaneously, he was not a member of the appellant's family, nor was he threatening the appellant in any manner. This was a cold-blooded, planned, execution-type murder perpetrated for the purpose of robbing the victim. The appellant lured his victim into his car and, when his victim was helplessly sick from overintoxication, he struck him in the face with a whiskey bottle with such force that the bottle was broken. The blow produced extensive crushing of the face and nose of the victim. Thereafter, the appellant shot the victim three times in the chest. The barrel of the pistol was placed directly on the chest of the victim as the weapon was fired. After the victim was dead, the appellant shot him in the scrotum.

The appellant stated that he could hear the victim moaning and attempting to say something as he continued to shoot him.

The jury returned a finding that, beyond a reasonable doubt, the offense of murder was outrageously and wantonly vile, horrible and inhuman in that it involved torture to the victim or depravity of mind on the part of the defendant. As we held in our original opinion, this finding is clearly supported by the evidence as set forth above. Godfrey v. Georgia established that torture occurs when the victim is subjected to serious physical abuse before death. *Hance v. State,* 245 Ga. 856 (268 SE2d 339) (1980). A defendant who tortures the victim

---

[1]The jury found two statutory aggravating circumstances: Code Ann. §§ 27-2534.1 (b) (2) and 27-2534.1 (b) (7). Under our decisions, the death penalty in this case may be upheld upon § 27-2534.1 (b) (2), which we held in our opinion to have been proven beyond a reasonable doubt. See the addendum to *Dampier v. State,* 245 Ga. 427 (265 SE2d 565) (1980) at 245 Ga. 882 (1980), wherein we reviewed a sentence of death in light of Godfrey v. Georgia, supra. *Gates v. State,* 244 Ga. 587, 599 (8) (261 SE2d 349) (1979).

or subjects the victim to an aggravated battery before killing the victim can be found to have a depraved mind.

A defendant who mutilates or seriously disfigures the victim's body after death (Cf. Code Ann. § 26-1305) may be found to have a depraved mind.

Under the facts of this case, we find that the murder was of a type universally condemned by civilized society as wantonly vile, horrible or inhuman, as it involved depravity of mind of the defendant and torture to the victim, as set forth above.

*Judgment imposing the death penalty reaffirmed. All the Justices concur.*