## 35588. HARDY v. THE STATE.

CLARKE, Justice.

By order of the Supreme Court of the United States, this case, as to sentence only, has been vacated and remanded for further consideration by this court in light of Godfrey v. Georgia, 446 U. S. 420 (100 SC 1759, 64 LE2d 398) (1980); Hardy v. Georgia, —— U. S. —— (Case No. 80-5010, decided November 17, 1980). Our opinion in this case is reported at 245 Ga. 272 (264 SE2d 209) (1980).

In Godfrey v. Georgia, supra, the Supreme Court of the United States held that Code Ann. § 27-2534.1 (b) (7) was unconstitutionally applied as to a specific factual circumstance. See *Hance v. State,* 245 Ga. 856 (268 SE2d 339) (1980).

The appellant's sentence to death in this case rests upon a finding by a rational trier of fact beyond a reasonable doubt of Code Ann. § 27-2534.1 (b) (7).[1]

As mandated, we have reviewed the sentence in this case, and this court finds material difference between Godfrey and the case under review which distinguish this murder from the murder in Godfrey and from other "ordinary murders" for which the death penalty is not appropriate.

The evidence in this case shows that unlike Godfrey, the victim was not killed instantaneously; he was not a member of the appellant's family, nor was he threatening the appellant in any manner. This was a coldblooded, planned execution type murder perpetrated for the purpose of robbing the victim, who was known to have a large amount of cash. With that purpose in view, the perpetrator severely beat and partially disrobed the victim seeking to find where he kept his money. As was pointed out in the original opinion, the victim was "cut all to pieces" and gasoline was poured over him before he was shot. When the appellant returned from the killing, he had blood on his clothing, and there was blood in the yard where the victim had been beaten prior to being put in the back of a

---

[1] Code Ann. § 27-2534.1 (b) (7) provides in part, "the offense of murder . . . was outrageously or wantonly vile, horrible or inhuman in that it involved torture, depravity of mind or an aggravated battery to the victim."

pickup truck and taken to the actual execution site. Thereafter, the victim's truck with his body in it was burned in order to hide the crime.

The evidence supports a finding beyond a reasonable doubt of serious physical abuse prior to death. *Hance v. State,* supra. As we held in our original opinion, the jury's finding of Code Ann. § 27-2534.1 (b) (7), torture occurs when the victim is subjected to serious physical abuse before death. *Hance v. State,* supra. A defendant who tortures a victim or subjects a victim to an aggravated battery before killing a victim can be found to have a depraved mind. See *Baker v. State,* 246 Ga. 259 (272 SE2d 61) (1980).

Under the facts of this case, we find that the murder was of the type universally condemned by civilized society as wantonly vile, horrible or inhuman, as it involved depravity of mind of the defendant and torture to the victim as set forth above.

*Judgment imposing the death penalty reaffirmed. All the Justices concur.*

DECIDED MARCH 3, 1981.

*L. Eddie Benton, Jr.,* for appellant.

*Nat Hancock, District Attorney, Arthur K. Bolton, Attorney General, Daryl A. Robinson, Assistant Attorney General,* for appellee.