### 37736. CUNNINGHAM v. THE STATE.

JORDAN, Chief Justice.

James Cunningham, Jr., was indicted for burglary, armed robbery and murder. The trial court dismissed the burglary count, and he was convicted of armed robbery and murder. The jury sentenced him to death on both counts. The case is here on direct appeal and for mandatory review of the death sentences.

1. Defendant contends the trial court erred in overruling his motion to quash the indictment and his challenge to the array of traverse jurors in that both the grand and traverse jury lists were unlawfully composed.

Counsel for defendant was appointed on January 8, 1979. Defendant was not indicted until January 22, 1979. The motion to quash the indictment was not filed until October 22, 1979, one day prior to trial. No reason appearing as to why the challenge to the grand jury could not have been filed prior to indictment, there is no merit in this enumeration. The trial court did not err by failing to quash the indictments. *Sanders v. State,* 235 Ga. 425 (219 SE2d 768) (1975), cert. den. 425 U. S. 976 (96 SC 2177, 48 LE2d 800) (1976); *Godfrey v. State,* 243 Ga. 302 (253 SE2d 710) (1979), rev. on other

grounds, 446 U. S. 420 (100 SC 1759, 64 LE2d 398) (1980); *Sullivan v. State,* 246 Ga. 426 (271 SE2d 823) (1980).

Furthermore, the jury commissioners of Lincoln County are presently under a continuing order of the United States District Court for the Southern District of Georgia to revise the grand and traverse jury lists by using the registered voters list in the general election and by randomly selecting every fifth name for the traverse jury and every third name on the traverse list for the grand jury. Furthermore, prior to any change in such procedures, notice must be given to the District Court.

The jury commissioner called to testify stated that the commissioners were in strict compliance with the district court order in compiling the traverse jury list. There was no evidence that the source was tainted in that there was no showing that an opportunity for discrimination existed from the source of the jury list. Given the neutral selection methods used by the jury commissioners the statistical disparity between the percentage of blacks residing in the county and the percentage on the jury lists affords no ground of relief. The trial court did not err in overruling defendant's challenge to the array. *Davis v. State,* 241 Ga. 376 (1) (247 SE2d 45) (1978).

2. Defendant contends in enumerations of error 2, 3 and 4 that the trial court erred in overruling his motion for new trial on the general grounds.

In addition to defendant's confession, the evidence presented authorized the jury to find that the defendant, after unsuccessful attempts to borrow money, went to the victim's home with the express intent of robbing him, that he concealed the murder weapon on his person and when he had the victim at a disadvantage began to hit him in the head until he fell in the floor. He then robbed the victim, and left him to die. The murder weapon was recovered and introduced in evidence, as was the victim's wallet and defendant's blood stained clothes. Testimony placing the defendant in the general vicinity at the approximate time of the murder and testimony about bloody footprints at the scene identified as being made by defendant's shoes was introduced, as was testimony about his flight.

The evidence presented is sufficient to authorize the verdict under the current legal standard, and there is no merit in these enumerations of error. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and *Tucker v. State,* 244 Ga. 721 (1) (261 SE2d 635) (1979).

3. Defendant contends in enumeration of error 6 that his conviction and sentence to death for armed robbery are error. He argues that the conviction must be set aside because the armed robbery is the felony supporting his felony murder conviction.

Defendant was indicted for malice murder and the jury was instructed only as to malice murder. The jury returned a verdict of guilty of malice murder. *Barrow v. State,* 235 Ga. 635 (2) (221 SE2d 416) (1975); *Dobbs v. State,* 236 Ga. 427, 433 (224 SE2d 3) (1976); and *Fleming v. State,* 236 Ga. 434, 435 (224 SE2d 15) (1976). His conviction for armed robbery must be affirmed.

4. Defendant contends in enumerations of error 8 and 9 that the trial court erred in denying his motion for funds for a private investigator and for an examination by a private psychiatrist.

The grant or denial of a motion for independent psychiatric evaluation lies within the discretion of the trial court and will not be overturned unless an abuse of discretion is shown. *Messer v. State,* 247 Ga. 316 (1) (276 SE2d 15) (1981). Likewise, the grant or denial of a motion for funds to employ an investigator lies within the sound discretion of the trial judge and will not be overturned unless an abuse of discretion is shown. See *Whitaker v. State,* 246 Ga. 163 (269 SE2d 436) (1980). The case against the defendant was factually simple and did not depend on a large volume of evidence of a technical nature. We find no abuse of discretion in the trial court's denial of the motion for funds to hire an investigator.

The defendant was examined twice at Central State Hospital and found to be mentally competent both times. No plea of insanity was filed, and under the circumstances of this case we find no abuse of discretion in overruling the motion for a private psychiatric examination.

5. Defendant contends in enumeration of error 10 that the trial court erred in overruling his motion to suppress the several statements he gave to police officers. He gave four statements to officers, and each time prior to making the statement he was advised of his rights and signed a written waiver. The first and second statements are identical, one given to the North Carolina authorities at the time of his arrest, and one to the Georgia authorities. On the return trip to Georgia, the defendant spontaneously amended his statement, telling where he had disposed of the murder weapon and the clothes he was wearing on the night of the murder. Later, the defendant requested officers to come see him. He then gave a fourth statement implicating his wife in that she planned the robbery and took the money from the bedroom while he beat the victim with a wrench.

"In the course of the trial, the court conducted a Jackson v. Denno hearing in which the court concluded that his confession was freely and voluntarily given. There being ample evidence presented in the trial court to support its determination, it will not be disturbed on appeal." *Gunn v. State,* 244 Ga. 51 (257 SE2d 538) (1979).

On January 2, 1979, the defendant gave North Carolina authorities a complete confession after he was advised of his rights and he signed a written waiver. Sometime thereafter an attorney was appointed for extradition purposes. Georgia authorities arrived in North Carolina, questioned him on January 3, 1979, and obtained an identical statement after a written waiver. The first statement was introduced in evidence against him as was the second. After he was returned to Georgia, local counsel was appointed. Thereafter, on the 12th of January, he got in touch with detectives, requested they come to see him, and gave a full statement which was also introduced in evidence against him. He now complains that the second and fourth statements were made without benefit of counsel and should be excluded. We do not agree. The last statement was made upon his own request, and therefore was properly admitted. Edwards v. Arizona, —— U. S. —— (101 SC 1880, 68 LE2d 378) (1981). The second statement taken by Georgia authorities in North Carolina was identical to the first statement. Because the first statement was properly introduced against the defendant, no material prejudice has been demonstrated. There is no merit in this enumeration of error.

6. Defendant argues in enumeration of error 11 that the trial court erred in denying his Brady motion seeking copies of his statements given to the investigating officers. He argues that the statements contained exculpatory matters as to the murder charge.

This same argument was made in *Baker v. State,* 245 Ga. 657 (3) (266 SE2d 477) (1980), and this court held "Brady applies to 'the discovery, after trial, of information which had been known to the prosecution but unknown to the defense.' United States v. Agurs, 427 U. S. 97, 103 (96 SC 2392, 49 LE2d 342) (1976)." Here defendant's own statements were the subject of the Brady motion. Thus, this was not information unknown to the defense and subject to discovery under Brady. Furthermore, the evidence his motion sought was introduced to the jury in entirety, and a favorable inference, if any, could be drawn by the jury. *McClesky v. State,* 245 Ga. 108 (263 SE2d 146) (1980). There is no merit in this enumeration of error.

7. In the twelfth enumeration of error the defendant contends the trial court erred in allowing the two G.B.I. agents assigned to investigate the case to remain in the courtroom to assist in the prosecution over his objection. His argument is that the district attorney did not present sufficient facts to the court for it to exercise its discretion in allowing the two agents to remain and not to require the prosecution to call them as its first witnesses. Pretermitting waiver, we find no merit in defendant's argument.

In his request to the court to allow the witnesses to remain in the courtroom, the district attorney stated that he would put the witnesses up "as quickly as I can."

Only one of the agents was called to testify although the other was sworn and offered to the defense for cross-examination. The agent who testified did not testify on the same subjects as previous witnesses.

It has been held many times that it is within the trial court's discretion to allow the prosecuting officer to remain in the courtroom as an exception to the sequestration rule. *Hall v. State,* 243 Ga. 207 (6) (253 SE2d 160) (1979). The orderly presentation of evidence is a proper reason for an exception to the rule of sequestration. *Hardy v. State,* 245 Ga. 272 (264 SE2d 209) (1980); *McNeal v. State,* 228 Ga. 633 (187 SE2d 271) (1975). There is no merit in this enumeration of error. See generally *Cape v. State,* 246 Ga. 520 (272 SE2d 487) (1980); *High v. State,* 247 Ga. 289 (276 SE2d 5) (1981).

8. Defendant contends in enumeration of error 13 that the overruling of his motion for change of venue was error.

The motion was based on three news reports and the "small town syndrome" argument that everybody in town knew everything that was going on. The three news reports told of the murder, the arrest of the defendant the following day, and his indictment three weeks later. The articles were factual in nature and the defendant has failed to show a "pattern of deep and bitter prejudice" created by pre-trial publicity was "present throughout the community" and was reflected in the verdict reached by the jurors who tried him. Irvin v. Dowd, 366 U. S. 717, 727 (81 SC 1639, 6 LE2d 751) (1961). See *Collier v. State,* 244 Ga. 553 (261 SE2d 364) (1979). The defendant was not tried until some ten months later, and no evidence was presented as to any prejudice towards the defendant on voir dire or otherwise. No prospective juror was excused for prejudice. *Messer v. State,* supra. The motion is completely lacking in merit and the trial court did not err in overruling it.

Enumerations of error 5, 7, 14 and 15, challenging the constitutionality of the death penalty and the finding of the (b) (7) aggravating circumstances will be dealt with in the sentence review.

### Sentence Review

As required by Georgia L. 1973, p. 159, et. seq., (Code Ann. § 27-2537 (c) (1-3)), we have reviewed the death sentences in this case. We have considered the aggravating circumstances found by the jury and the evidence concerning the crime and the defendant. We conclude that the sentences of death in this case were not imposed

under the influence of passion, prejudice, or any arbitrary factor.

9. The jury found the following aggravating circumstances: (a) the offenses of murder and armed robbery were committed while the offender was engaged in the commission of another capital felony or aggravated battery. Code Ann. § 27-2534.1 (b) (2); and, (b) the offenses of murder and armed robbery were outrageously or wantonly vile, horrible, inhuman, in that they involved torture, depravity of mind, or an aggravated battery to the victim. Code Ann. § 27-2534.1 (b) (7).

The evidence supports the finding of both aggravating circumstances by a rational trier of fact beyond a reasonable doubt. Jackson v. Virginia, supra. *Cervi v. State,* 248 Ga. 325 (282 SE2d 629) (1981).

In that the sentences of death in this case rest partially upon a finding of Code Ann. § 27-2534.1 (b) (7), they must be reviewed in light of the United States Supreme Court's decision in Godfrey v. Georgia, 446 U. S. 420, supra, as construed by this court in *Hance v. State,* 245 Ga. 856 (268 SE2d 339) (1980). "Torture," as the term is used in the statute, occurs when the victim is subjected to serious physical abuse prior to death. *Hance v. State,* supra. The victim in this case was not killed instantaneously, but was beaten with a large wrench. Forensic medical evidence established that both of the victim's forearms were broken, the victim's lip was bruised, his nose was split, and his cheekbone was fractured. The victim suffered blows to the head which resulted in eight skull fractures. By the defendant's own statement, when he left, the victim was lying on the floor moaning. "Torture" also occurs when a victim is subject to an aggravated battery prior to death. The jury was authorized to find from the evidence an aggravated battery prior to death in that the victim's arms were, at a minimum, rendered useless. *Hance v. State,* supra; *Baker v. State,* supra. A defendant who "tortures" his victim may be found to have a depraved mind. *Hance v. State,* supra. This was not a domestic murder, the victim gave the defendant no reason whatsoever to assault him, and was in no manner threatening. Rather, he had befriended the defendant and given him and his family food on prior occasions. The defendant and his wife fled and attempted in every manner to hide the crime. See Godfrey v. Georgia, supra. The sole motive for the murder was to rob the victim. The murder was outrageously or wantonly vile, horrible and inhuman, and this murder is distinguished from ordinary murders in which the death penalty is not appropriate. *Justus v. State,* 247 Ga. 276 (276 SE2d 242) (1981); *Cervi v. State,* supra. Under the facts of this case, this court finds that the murder was of the type universally

condemned by civilized society as wantonly vile, horrible, and inhuman as it involved torture to the victim as set forth above.

10. The appellant argues that since the jury found the aggravating circumstances set forth in division 9 above in the words of the statute, that is, a finding connected by the conjunction "or," this in itself indicates that the jury did not make up their minds that the aggravating circumstances existed beyond a reasonable doubt. However, the jury's returning the aggravating circumstance in the language of the code section is sufficient when the evidence supports such a finding. See *Hance v. State,* supra.

11. Appellant contends that the trial court erred in failing to charge the definition of aggravated battery as that the term is used in both Code Ann. § 27-2534.1 (b) (2) and § 27-2534.1 (b) (7). However, in this case the evidence supported a finding by a rational trier of fact beyond a reasonable doubt that the murder and armed robbery of the victim were committed while in the commission of an aggravated battery, and furthermore that the murder and armed robbery were outrageously or wantonly vile, horrible or inhuman, and that they involved an aggravated battery to the victim. Therefore, in this case, absent a request to charge, it was not reversible error for the trial court to fail to charge the definition of an aggravated battery. Code Ann. § 26-1305. *Cape v. State,* supra; see *Gilreath v. State,* 247 Ga. 814 (279 SE2d 650) (1981).

12. The trial court did not err in failing to charge the meaning of Code Ann. § 27-2534.1 (b) (7). *Hance v. State,* supra; *Cape v. State,* supra; *Gilreath v. State,* supra.

13. We find defendant's arguments that the Georgia death penalty statute is vague because it fails to set out that the jury may recommend a life sentence even though they find the existence of an aggravating circumstance and, furthermore, that the statute is unconstitutional because under our system there is no provision for a life sentence without parole, to be without merit. *Fleming v. State,* 240 Ga. 142 (240 SE2d 37) (1978); see *Tucker v. State,* 244 Ga. 721 (11) (261 SE2d 635) (1979).

14. The trial court's written charge to the jury during the sentencing phase of the trial was not subject to the defects dealt with in *Fleming v. State,* supra, and *Hawes v. State,* 240 Ga. 327 (240 SE2d 833) (1978). However, the trial court, in its oral charge to the jury, did not give the entire written charge that was ultimately sent out with the jury as required by the statute. While we do not approve of this practice, the charge as a whole met the test set forth in *Spivey v. State,* 241 Ga. 477 (246 SE2d 288) (1978).

In reviewing the death penalty in this case we have considered the cases appealed to this court since January 1, 1970, in which a

death or life sentence was imposed. We find that the following similar cases listed in the appendix support affirmance of the death penalty.

This was a brutal killing of an armed-robbery victim for the sole purpose of financial gain. The 22 cases in which the death penalty was imposed support the death penalty in the instant case. All of these cases involve the deliberate, unprovoked killing of an unarmed robbery victim or victims, and thus show a jury's willingness to impose a death sentence under these circumstances.

Defendant's sentence to death for murder is not excessive or disproportionate to the penalty imposed in similar cases considering the crime and the defendant. However, his sentence to death for armed robbery must be set aside and he must be resentenced as to that offense. *Floyd v. State,* 233 Ga. 280, 285 (210 SE2d 810) (1974); *Gregg v. State,* 233 Ga. 117, 126 (6) (210 SE2d 659) (1974); *Jarrell v. State,* 234 Ga. 410 (216 SE2d 258) (1975).

*Judgment affirmed in part and reversed in part. All the Justices concur, except Hill, P. J., who dissents to Divisions 1 and 14. Weltner, J., not participating.*

DECIDED NOVEMBER 13, 1981 —
REHEARING DENIED DECEMBER 1, 1981.

*Samuel A. Fowler, Jr., Albert H. Dallas, M. McNeil Holloway III,* for appellant.
*Kenneth Goolsby, District Attorney, Dennis Sanders, Assistant District Attorney, Michael J. Bowers, Attorney General, George M. Weaver, Staff Assistant Attorney General,* for appellee.

APPENDIX.

*Cervi v. State,* 248 Ga. 325 (282 SE2d 629) (1981); *Justus v. State,* 247 Ga. 276 (276 SE2d 242) (1981); *Solomon v. State,* 247 Ga. 27 (277 SE2d 1) (1981); *Dick v. State,* 246 Ga. 697 (273 SE2d 124) (1980); *Dampier v. State,* 245 Ga. 427 (265 SE2d 565) (1980); *Tucker v. State,* 244 Ga. 721 (261 SE2d 635) (1979); *Gates v. State,* 244 Ga. 587 (261 SE2d 349) (1979); *Cobb v. State,* 244 Ga. 344 (260 SE2d 60) (1979); *Baker v. State,* 243 Ga. 710 (257 SE2d 192) (1979); *Ruffin v. State,* 243 Ga. 95 (252 SE2d 472) (1979); *Potts v. State,* 241 Ga. 67 (243 SE2d 510) (1978); *Moore v. State,* 240 Ga. 807 (243 SE2d 1) (1978); *Stanley v. State,* 240 Ga. 341 (241 SE2d 173) (1977); *Corn v. State,* 240 Ga. 130 (240 SE2d 694) (1977); *Pulliam v. State,* 236 Ga. 460 (224 SE2d 8)

(1976); *Dobbs v. State,* 236 Ga. 427 (224 SE2d 3) (1976); *Mitchell v. State,* 234 Ga. 160 (214 SE2d 900) (1975); *Floyd v. State,* 233 Ga. 280 (210 SE2d 810) (1974); *Gregg v. State,* 233 Ga. 117 (210 SE2d 659) (1974); *Hunter v. State,* 231 Ga. 494 (202 SE2d 441) (1973); *Kramer v. State,* 230 Ga. 855 (199 SE2d 805) (1973); *Lingo v. State,* 226 Ga. 496 (175 SE2d 657) (1970).