73870. PORTER v. THE STATE.
(356 SE2d 703)

POPE, Judge.

Willie Porter brings this appeal from his conviction of armed robbery. *Held*:

1. Defendant first contends that the trial court erred while instructing the jury by constantly referring to defendant and his co-defendant (Steven Scott) plurally and not making it clear that under the evidence the jury might acquit one defendant though the other was convicted. The trial court merely indicated that the jury must return a separate verdict for each defendant. Because the evidence against defendant and his co-defendant was not identical, and because each defendant presented a separate alibi defense, the trial court's plural reference to the defendants, combined with the failure to charge *distinctly* that the conviction of one defendant did not necessarily require the conviction of the other, was error. *Abrams v. State*, 121 Ga. 170 (6) (48 SE 965) (1904). Compare *Johnson v. State*, 232 Ga. 61 (6) (205 SE2d 190) (1974); *Coggeshall v. State*, 161 Ga. 259 (8) (131 SE 57) (1925). See also *Lofton v. State*, 121 Ga. 172 (1) (48 SE 908) (1904), and *McDaniel v. State*, 74 Ga. App. 5 (2b) (38 SE2d 697) (1946), wherein the record discloses no basis for finding one defendant guilty and the other not guilty. Accordingly, defendant is entitled to a new trial.

2. In light of our holding in Division 1, supra, defendant's second enumeration challenging the trial court's purported denial of his motion for complete recordation of all proceedings is moot.

3. We find any error in failing to provide counsel for defendant (an indigent) at the commitment hearing to be harmless beyond a reasonable doubt. Accord *State v. Hightower*, 236 Ga. 58 (222 SE2d 333) (1976); *Mitchell v. State*, 173 Ga. App. 560 (1) (327 SE2d 537) (1985).

4. From the evidence of record, any rational trier of fact could have found defendant guilty as charged beyond a reasonable doubt. Accord *Maxwell v. State*, 163 Ga. App. 606 (295 SE2d 865) (1982); *Sims v. State*, 159 Ga. App. 692 (2) (285 SE2d 65) (1981).

*Judgment reversed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED APRIL 14, 1987.

*J. Robert Joiner*, for appellant.
*Lewis R. Slaton*, District Attorney, *Joseph J. Drolet*, *Wendy L. Shoob*, *Benjamin H. Oehlert III*, Assistant District Attorneys, for appellee.