A92A2216. JONES v. THE STATE.
A92A2217. STINSON v. THE STATE.
(427 SE2d 40)

BEASLEY, Judge.

Jones and Stinson were jointly indicted, tried before a jury and found guilty of possession of cocaine with intent to distribute, OCGA § 16-13-30 (b). Their separate appeals from the judgments of conviction and sentences have been consolidated. Morgan, a third co-defendant, pled guilty to the lesser offense of possession of cocaine, OCGA § 16-13-30 (a).

An officer attached to the Grady County Drug Squad received

information from a confidential informant that certain persons in a blue, four-door, Ford Grenada were in possession of cocaine. The car was subsequently seen entering the parking lot of an American Legion facility. The officer observed Stinson walking from the driver's side around the rear of the vehicle. Jones and Morgan had exited the car and were standing outside on the passenger side. As the officer exited the unmarked patrol car, he observed Stinson make a throwing motion and observed a light-colored object coming from his hand toward Jones. The officer called out to Stinson, who stepped back to the rear of the car. The officer found two small plastic zip-lock bags which appeared to him to be within "the trajectory of Stinson's toss." One bag contained three pieces of crack cocaine and was located near Jones' feet; the other contained six larger pieces and was found on the ground between Jones and Stinson. The officer testified that in his experience, this method of packaging the contraband is indicative of distribution. A set of keys to the car was also found on the ground between Jones and Stinson. A pipe commonly used to smoke crack cocaine was found at Morgan's feet. During the booking process following arrest of the three men, Jones consented to submit to urinalysis, which later tested positive for cocaine compound.

## Case No. A92A2216

1. Jones contends that the trial court erred in denying his motion in limine to exclude evidence of the results of the urinalysis. The motion in limine was filed in court after the selection of the jury and before the presentation of evidence. It was predicated solely on the ground that introduction of the report "would unfairly prejudice the jury by impermissibly placing defendant's character in question." Although on appeal Jones asserts additional grounds which he claims require exclusion of the evidence, only that ground for objection which was asserted and ruled on below is considered. See generally *Rhodes v. State*, 200 Ga. App. 193 (2) (407 SE2d 442) (1991).

"The state is entitled to present evidence of the entire res gestae of the crime. Even though a defendant is not charged with every crime committed during a criminal transaction, every aspect of it relevant to the crime charged may be presented at trial. [Cit.] This is true even if the defendant's character is incidentally placed in issue." *Satterfield v. State*, 256 Ga. 593, 598 (6) (351 SE2d 625) (1987). The challenged evidence demonstrated that Jones had introduced cocaine into his body within 48 hours of submitting the urine sample. It was admissible as part of the res gestae and as circumstantial evidence that he was involved in drug activity.

Admission of the evidence violated neither USCR 31.1 nor USCR 31.3 (A), (B) and (C), which require the State to provide pretrial no-

tice of its intention to present evidence of similar transactions. Instead, USCR 31.3 (E) applies: "Nothing in this rule is intended to prohibit the state from introducing evidence of similar transactions or occurrences which are lesser included alleged offenses of the charge being tried, or are immediately related in time and place to the charge being tried, as part of a single, continuous transaction." Accord *Branam v. State*, 204 Ga. App. 205 (5) (419 SE2d 86) (1992).

2. In enumerations of error 2 and 4, respectively, Jones challenges the denial of his motion for a directed verdict of acquittal and the sufficiency of the evidence.

The test established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), is the "proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or . . . upon alleged insufficiency of the evidence." *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984). See also OCGA § 17-9-1.

The evidence against Jones was entirely circumstantial. "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. The jury was so instructed. See *Robinson v. State*, 261 Ga. 698 (410 SE2d 116) (1991); *Postell v. State*, 261 Ga. 842 (1) (412 SE2d 831) (1992). They were also charged on the "two theories" of circumstantial evidence, *Hamilton v. State*, 260 Ga. 3 (4) (389 SE2d 225) (1990), as well as parties to a crime.

"Whether every reasonable hypothesis except that of guilt of the defendant has been excluded is a question for the jury where the jury is properly instructed." *Barfield v. State*, 160 Ga. App. 228 (3) (286 SE2d 516) (1981). The evidence presented to the jury was sufficient to enable a rational trier of fact to find Jones guilty beyond a reasonable doubt of possession of cocaine with intent to distribute. *Jackson v. Virginia*, supra.

3. The court did not err by refusing to give two requested instructions. The first, that mere presence alone does not authorize conviction, is correct as an abstract principle of law. But the evidence established more than Jones' presence in the vicinity of the cocaine. Jones, who was known to the investigating officer, was initially seen in the suspicious vehicle. The officer later observed Stinson toss the drugs to him, and they were found at his feet. The presence of cocaine in his system adds to the accumulation of a predisposition to violate the Controlled Substances Act.

The second request was predicated on *Porter v. State*, 182 Ga. App. 624 (1) (356 SE2d 703) (1987), to the effect that the conviction of one defendant does not necessarily require the conviction of another. Unlike the present case, such a charge was required in *Porter*

because the evidence against two co-defendants was not identical and because each defendant presented separate alibi defenses. It was not mandated here.

### Case No. A92A2217

4. In enumerations of error 2 and 3, Stinson, who is indigent, contends the trial court erred in denying his motion for funds to hire an investigator, in violation of the Sixth Amendment right to counsel under the United States Constitution and the Fifth Amendment guarantee of due process of law "as applied to the State of Georgia through the Fourteenth Amendment." His brief simply incorporates his original motion, which was based on the Due Process and Equal Protection Clauses of the Fourteenth Amendment. Since he does not address the Sixth Amendment and did not do so below, that issue is not before us. In the first place, this enumeration of error is not supported by argument or citation of authority and is deemed abandoned. *Weeks v. State*, 190 Ga. App. 373, 375 (2) (378 SE2d 895) (1989); Rule 15 (c) (2). In the second place, a ground not raised below may not be newly raised on appeal. *McGarity v. State*, 190 Ga. App. 139 (1) (378 SE2d 179) (1989).

As to the due process ground, it must be considered under the Fourteenth Amendment rather than the Fifth. The latter applies to federal court cases. Cf. *Bolling v. Sharpe*, 347 U. S. 497 (74 SC 693, 98 LE 884) (1954). The cases cited by appellant involved the Fourteenth Amendment.

Stinson relies on *Griffin v. Illinois*, 351 U. S. 12 (76 SC 585, 100 LE 891) (1956), in support of his due process claim. It held that a state's failure to furnish an indigent defendant with his trial transcript for purposes of appellate review deprived Griffin of equal protection of the laws and due process of law. It is not determinative of the issue before us, which relates to trial preparation. Neither *Boddie v. Connecticut*, 401 U. S. 371 (91 SC 780, 28 LE2d 113) (1971), nor *Tate v. Short*, 401 U. S. 395 (91 SC 668, 28 LE2d 130) (1971), also cited by appellant, address the issue. *Boddie* held that a state denies Fourteenth Amendment due process of law to indigent persons by refusing to allow them to file divorce actions except on payment of court costs; *Tate* held that imprisonment solely because of an indigent's inability to pay a fine violated the equal protection clause of the Fourteenth Amendment.

In this state, "the grant or denial of a motion for funds to employ an investigator lies within the sound discretion of the trial judge and will not be overturned unless an abuse of discretion is shown." *Cunningham v. State*, 248 Ga. 558, 560 (4) (284 SE2d 390) (1981). See also *Whitaker v. State*, 246 Ga. 163 (3) (269 SE2d 436) (1980); *Smith*

*v. State*, 258 Ga. 179 (5) (366 SE2d 687) (1988). When the trial court inquired concerning the need for investigative services, defense counsel replied that he sought access to potential state's witnesses as follows: "I don't want any information on the folks from the crime lab or the policemen. We're not questioning that at all, but anyone else that might be brought in."

The State called a total of five witnesses; one was the GBI agent who analyzed and identified the contraband, two were connected with the State crime lab and testified to the chain of custody and test results of the urine specimen, and the final two were the investigating and arresting officers. As in *Cunningham*, "[t]he case against the defendant was factually simple and did not depend on a large volume of evidence of a technical nature." Id. at 560. Stinson has not demonstrated that, due to lack of an investigator, he was deprived of interviewing witnesses. Having shown neither special need for the investigative services, nor harm arising from the denial of the motion, *Ennis v. State*, 249 Ga. 222 (2) (290 SE2d 50) (1982), we find no abuse of discretion which would constitute a deprivation of federally guaranteed due process of law.[1]

5. In enumerations of error 1 and 4, Stinson challenges the denial of his motion for a directed verdict of acquittal and the sufficiency of the evidence. For the reasons set forth in Division 1, the evidence was sufficient under the standard of *Jackson v. Virginia*, supra.

*Judgments affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JANUARY 7, 1993.

*Billy M. Grantham*, for appellant (case no. A92A2216).
*John W. Bass, Sr.*, for appellant (case no. A92A2217).
*J. Brown Moseley, District Attorney, Robert R. Auman, Assistant District Attorney*, for appellee.

---

[1] Appellant also cites *Christian v. United States*, 398 F2d 517 (10th Cir. 1968), but that case applies 18 USCA § 3006A (e) to the request for an investigator, which statute does not govern state court cases.