Summerville, J.
The plaintiffs brought suit against the defendant Hyatt Corporation for personal injury and loss of consortium arising out of a slip and fall accident which took place on July 26,1991. This case is before the Appellate Division on the plaintiffs’ appeal of the trial court’s allowance of the defendant’s Mass. R. Civ. P., Rule 41(b)(2), motion for involuntary dismissal brought at the conclusion of the plaintiffs’ presentation of evidence. Plaintiffs bring this appeal pursuant to Dist./ Mun. Cts. R. A. D. A., Rule 8C. We find no error.
The plaintiffs, Murray and Laura Garvin, are husband and wife. While staying as paying guests at the Hyatt Regency Atlanta, a hotel owned and operated by the defendant corporation, Murray Garvin slipped and fell while taking a shower. The plaintiffs sought recovery on the basis that the defendant was “careless and negligent in failing to provide a slip resistant rubber mat or other protection in the bathtub, failure to provide a grab rail in the bathtub area, and in having a drain release lever which protruded in such a way that it caused injury to Mr. Garvin when he fell.” A trial in this matter took place on February 3,1997. Both plaintiffs testified, as did the nephew and brother-in-law of the plaintiff, Murray Garvin. At the conclusion of the plaintiffs’ case the defendant’s counsel made an oral motion for involuntary dismissal pursuant to Mass. R. Civ. P., Rule 41(b) (2). The trial judge reserved judgment on the motion and invited both parties to submit any additional documentary evidence either in support or opposition. No witnesses were called on behalf of the defendant. Both parties submitted post-trial memoranda. After reservation, the judge allowed the defendant’s motion to dismiss and entered judgment in favor of the defendant. Having allowed the defendant’s motion for involuntary dismissal, the trial judge made the following findings of fact relevant to the issues raised in this appeal:
6. On July 26,1991, there were no handrails or grab bars in the bathtub area of the room assigned to the plaintiffs at the Hyatt Regency Atlanta.
7. On July 26,1991, no slip-resistant mat or strips were present or available to the plaintiffs in the room assigned to them at the Hyatt Regency Atlanta.
8. On July 26, 1991, the defendant had no knowledge of whether the finish surface of the bathtub in the room assigned to the plaintiffs was slip-resistant.
*144 9. On July 26,1991, the drain release lever in the bathtub in the room assigned to the plaintiffs projected out a distance of one and one-half inches.
10. On July 26,1991, the plaintiff, Murray Garvin, turned on the water in the shower, got in, applied soap to himself and then slipped and fell backwards.
11. On July 26,1991, the plaintiff Murray Garvin as a result of slipping in the bathtub at the Hyatt Regency Atlanta sustained injuries to his left arm and right foot.
12. On July 26,1991, there was nothing except water and soap on the surface of the bathtub and Murray Garvin cannot say what caused his fall, only that the surface of the bathtub was wet and slippery.
13. On July 26,1991, the plaintiff Murray Garvin did not call the front desk or anyone at the Hyatt to ask for a bath mat before his accident.
14. On July 26, 1991, Murray Garvin and Laura Garvin have [sic] no knowledge of whether the bathtub surface was comprised or made of slip-resistant material.
15. Neither the Hyatt Corporation nor Murray Garvin and Laura Garvin performed any tests to determine the coefficient of friction of the bathtub surface on July 26,1991.
16. On July 26, 1991, Murray Garvin knew before his fall that there were no non-skid strips, rubber non-skid mats or handrails in the bathtub.
17. On July 26, 1991, Murray Garvin took a shower despite the absence of these items.
18. On July 26,1991, Murray Garvin was aware at the time of his fall of the danger of slipping and falling in the bathtub.
19. Neither Murray Garvin and Laura Garvin, nor the Hyatt Corporation presented information to the court concerning the composition of the bathtub surface.
20. On July 26,1991, Murray Garvin inspected the drain release lever after his fall.
21. On July 26, 1991, Murray Garvin did not observe any damage to the drain release lever after his fall.
22. On July 26,1991, the drain release lever was not sharp.
23. On July 26, 1991, Murray Garvin did not observe any defect in the drain release lever before or after his fall.
24. On July 26,1991, Murray Garvin did not consider the drain release lever to be dangerous.
It was undisputed between the parties that the incident alleged by the plaintiffs took place in the State of Georgia and that under the law of Massachusetts regarding conflicts of law, the liability of the defendant was to be determined in accordance with the law of the jurisdiction where the tort occurred. Cosme v. Whitten Machine Works, Inc., 417 Mass. 643 (1994); Dunfey v. Roger Williams University, *145 824 F. Supp. 18 (D. Mass. 1983). Under Georgia law “[w]here an owner or occupier of land, by express or implied invitation, induces or leads others to come on his premises ... he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe.” Ga. Code Ann. §51-3-1. The fundamental basis of an owner or occupier’s liability is that party’s superior knowledge of the hazard encountered by the invitee. See Robinson v. Kroger, 268 Ga. 735; 493 S.E.2d 403 (1997).
1. The plaintiffs claim that the trial judge erred in allowing the defendant’s motion for involuntary dismissal pursuant to Mass. R. Civ. P., Rule 41(b) (2). In a jury-waived trial, a defendant’s motion to dismiss under Rule 41(b)(2) will be allowed if “upon the facts and the law the plaintiff has shown no right to relief.”
Central to the plaintiffs’ claim of negligence in this case was that Murray Garvin’s injuries were caused by the “excessive slipperiness” of the bathtub surface where he fell. The trial judge found that “neither Murray Garvin and Laura Garvin, nor the Hyatt Corporation presented information to the court concerning the composition of the bathtub surface,” and also that “neither the Hyatt Corporation nor Murray Garvin and Laura Garvin performed any tests to determine the coefficient of friction of the bathtub on July 26, 1991.” The trial judge allowed requests for rulings in his disposition of the case. Three of these rulings were taken from the same case decided by the Supreme Court of Georgia:
5. The plaintiffs must, at a minimum, show that the defendant was negligent in the materials selected for the bathtub. Alterman Foods, Inc. v. Ligon, 246 Ga. 260 (1980).
6. Falling and injuring one’s self is not evidence of negligence. Alterman Foods, Inc. v. Ligon, 246 Ga. 260 (1980).
7. As a matter of law, proof of nothing more than the occurrence of a fall is insufficient to establish a proprietor’s or owner’s negligence. Alterman Foods, Inc. v. Ligon, 246 Ga. 620 (1980).
Reading the trial judge’s findings of fact together with the rulings of law upon which he based his decision, it is clear that the defendant’s motion to dismiss was allowed because the plaintiffs failed to establish the existence of an actionable defect or condition for which the defendant could be found liable. No expert testimony was presented by either party[2] and the only evidence advanced by the plaintiff that the bathtub was slippery was that he fell.
The plaintiffs do not cite testimony presented at trial and urge that, contrary to the judge’s findings of fact, there was sufficient evidence presented at trial for the judge to have denied the motion to dismiss. Instead, the plaintiffs argue that the defendant’s admission that it was “unaware”[3] of the composition of the bathtub constituted a breach of the standard of due care owed to the plaintiffs. The plaintiffs state that “[wjhere the excessive slipperiness of the bathtub surface could *146 have been discovered... by a reasonable inspection, and the innkeeper failed to do so, the innkeeper has breached its duty of care to the plaintiff.” This argument fails for two reasons.
First, as noted above, it is clear from the detailed findings of fact made by the trial judge that the plaintiffs failed to provide evidence to prove their allegation that the bathtub was “excessively slipper [y].” The court found that “there was nothing except water and soap on the surface of the bathtub and Murray Garvin cannot say what caused his fall, only that the surface of the bathtub was wet and slippery.” Second, this argument overlooks the elementary fact that the burden of establishing a right of recovery on the grounds alleged in the complaint was always upon the plaintiffs. Davison Chemical Corp. v. Hart, 68 Ga. App. 413; 23 S.E.2d 107 (1942); Department of Revenue v. Stewart, 67 Ga. App. 281; 20 S.E.2d 40 (1942). While the defendant’s response to the interrogatory was less than forthcoming, the plaintiffs had several procedural alternatives available to compel additional information about the surface of the bathtub. When the defendant answered the interrogatory stating that it was “unaware” of the “color, composition or finish texture” of the bathtub involved in the plaintiffs accident, it was the plaintiffs’ burden to have discovered this information through a motion to compel, pursuant to Mass. R. Civ. P., Rule 37 (a) (3), or a motion to inspect, pursuant to Mass. R. Civ. P., Rule 34, if such information was necessary to prove their allegations. In any case, the plaintiffs could not rely on the defendant’s lack of awareness as proof of the defendant’s breach of duty to the plaintiff.[4] The plaintiffs’ establishing the defendant’s lack of awareness does not satisfy plaintiffs’ burden of proving negligence (i.e., difference between an unreasonably slippery tub and an ordinary standard tub with water and soap film). This Court also notes that the plaintiffs cite no relevant Georgia case law to support their view of the defendant’s liability. We find no error in the allowance of the motion for involuntary dismissal.
2. Plaintiffs also contend that the trial judge erred in not finding that “the drain release lever, which protruded one and one-half inches from the end of the bathtub, created a risk of increased injury to a guest in the event of a fall.” The plaintiff argues that “the choice of this lever by the defendant poses a risk of harm to a guest because of the protruding nature of the lever and its location below the faucet.” We note again that the plaintiffs did not offer any expert testimony nor any governmental or industry standard from which the trial judge could have inferred that the defendant breached its duty of ordinary care under the circumstances of this case.
For all the foregoing reasons, the decision of the trial judge is affirmed and the plaintiffs’ appeal is dismissed.

 Indeed, we note from the trial transcript that at the close of the plaintiffs’ case the trial judge reserved judgment on the motion to dismiss and invited both parties to submit post-trial memoranda citing safety regulations or industry standards which would tend to either prove or disprove the plaintiffs’ allegations concerning the bathtub surface.

 The trial transcript discloses that plaintiffs’ counsel read the defendant’s answers to interrogatories into evidence at the conclusion of testimony. Plaintiffs’ interrogatory 18B requested information regarding the “composition, color [or] finish texture” of the bathtub in which the plaintiffs accident occurred. The defendant stated that it was “unaware” of any information sought by this question.

 Similarly, plaintiffs argue that the trial judge erred “in failing to find that the defendant’s ignorance of what materials were used in the plaintiffs’ bathtub was a breach of the defendant’s duty as an innkeeper to inspect and be aware of the conditions of its premises.” This argument fails because it assumes facts not found by the trial judge. The trial judge’s findings of fact unequivocally state that Murray Garvin knew there were no bath mats or handrails at the time of the incident and he was “aware at the time of his fall of the danger of slipping and falling in the bathtub.” Under Georgia law “[tjhe basis of [a] proprietor’s liability is his superior knowledge, and if the invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him....” Inglett v. Winn-Dixie, Greenville, 168 Ga. App. 192, 194; 308 S.E.2d 587 (1983).