## 66767. BUTLER v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of theft by conversion. On appeal he contends the trial court erred (1) by denying his motion for a directed verdict of acquittal; (2) by giving erroneous and prejudicial instructions to the jury; and (3) by denying his motion for a mistrial after the prosecuting attorney commented improperly on appellant's failure to testify.

Appellant was retained in August 1980 by William Maxwell, vice president and general manager of Albany Welding and Machine Works to collect some accounts receivable on a contingent fee basis. After Maxwell attempted unsuccessfully to contact appellant over a period of 18 months, appellant finally remitted $927.80 to Albany Welding. Maxwell wrote appellant in March 1982 seeking an accounting and payment of monies collected. About six weeks later appellant submitted a status report showing he had collected over $8,000, of which $4,488.13 was due Albany Welding. Appellant stated the funds were in his escrow account and he would personally deliver a check for the amount due the following day. He did not do so and in June 1982 Maxwell met appellant, who assured Maxwell he had mailed a check the preceding night; no check was received by Albany Welding. After attempting unsuccessfully for another two months to contact appellant and recover the money, Maxwell swore out a criminal arrest warrant against appellant. This was done after Maxwell discovered that appellant might be moving to another city.

Two days before the warrant was taken out appellant, in fact, moved from Albany, Georgia to Gainesville, Georgia. The sheriff's investigator in Dougherty County finally located appellant and sent his partner to Gainesville to serve the warrant. When an attempt was made to serve the warrant no one in Butler's house would answer the door, so the officers present entered an unlocked sliding door, found

Butler in the house and arrested him. Shortly after the warrant was taken out Albany Welding received the amount due from Butler by a check from an Atlanta law firm representing appellant.

1. Appellant contends it was error to deny his motion for a directed verdict of acquittal because the evidence was insufficient to prove the allegations in the indictment and to show that appellant had wrongfully converted the funds to his own use. He first argues that because the indictment alleged the money belonged to William Maxwell, not Albany Welding, there was a fatal variance between the allegations and the proof. In this regard, the indictment alleged that appellant converted "the property of William E. Maxwell, under an agreement, to wit: to collect said money for Albany Welding and Machine Works, Inc., and disburse said money to William E. Maxwell."

A variance is not fatal if the accused is definitely informed as to the charges against him and is protected against another prosecution for the same offense. *DePalma v. State*, 225 Ga. 465, 469-470 (3) (169 SE2d 801) (1969). The present trend of case law is away from the overly technical application of the fatal variance rule. *Ingram v. State*, 137 Ga. App. 412, 415 (3) (b) (224 SE2d 527) (1976). The evidence established that Maxwell was the vice president of Albany Welding and in that capacity retained appellant to collect debts *owing to Albany Welding*. Substantially the same wording is contained in the indictment, and there is no question that appellant was definitely informed of the charge he had to defend against, and there was no danger he would be prosecuted again for the same offense. Thus, any variance between the allegations and proof was not fatal. *DePalma*, supra; *Dyer v. State*, 150 Ga. App. 760, 761 (258 SE2d 620) (1979).

Appellant also argues that the evidence was not sufficient to show that he knowingly converted the funds to his own use. We do not agree.

The evidence showed that it took almost six months and repeated requests before appellant made even a partial accounting of .the funds collected. Thereafter, he acknowledged that he had collected additional funds, of which about $4,500 was due Albany Welding. Despite appellant's promises that he would personally deliver the funds, or that a check had been mailed, the money was not forthcoming. Only after the arrest warrant was issued were the funds remitted to Albany Welding. This evidence, together with evidence that appellant suddenly moved to another town and attempted to avoid service of the arrest warrant, was sufficient for the jury to infer that appellant knowingly converted the funds to his own use. *Salter v. State*, 163 Ga. App. 655, 656 (2) (294 SE2d 612) (1982).

A trial court must grant a motion for a directed verdict of acquittal unless, viewing the evidence in the light most favorable to the

prosecution, a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Lee v. State,* 247 Ga. 411, 412 (6) (276 SE2d 590) (1981). We find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred by giving erroneous charges on circumstantial evidence and borrowed funds.

The charge on circumstantial evidence complained of was as follows: "While circumstantial evidence must exclude every reasonable doubt, it does not have to exclude every possibility of the Defendant's innocence." Appellant argues that this charge eroded the effect of the court's previous charge on circumstantial evidence (which appellant acknowledged was correct) that the proved facts must not only be consistent with the hypothesis of guilt, but must exclude every reasonable hypothesis save that of guilt of the accused. This argument is without merit, for the charge complained of is a correct statement of the law. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528) (1980).

The court also gave the following charge: "When funds are lawfully obtained by the Defendant under an agreement that said funds will be transferred to the benefit of another and they are not transferred as agreed, but Defendant ultimately makes the payment to the other with borrowed funds, the jury is authorized to find that the Defendant appropriated the original funds to his own use." While appellant acknowledges that this is a correct statement of the law, he argues there is no evidence to show that appellant used borrowed funds to pay Albany Welding and, therefore, the charge was misleading and prejudicial.

There was evidence that appellant stated the money was in his escrow account, and evidence that contrary to promises on two occasions to deliver the money, or that a check for the money due was in the mail, it was not forthcoming. When finally remitted, the money did not come from appellant's escrow account, but from a law firm in Atlanta. In our opinion, this supports an inference that appellant no longer had the money he collected, and borrowed money to pay Albany Welding. To justify a charge on a given subject it is not necessary that there should be direct evidence going to that point; it is enough if there is something from which a legitimate process of reasoning can be carried on in respect to it. *Carter v. Central of Ga. R. Co.,* 149 Ga. App. 867 (256 SE2d 149) (1979). Where there is any evidence, however slight, upon a particular point, it is not error for the court to charge the law in relation to that issue. *Smith v. Lott,* 246 Ga. 366, 367 (271 SE2d 463) (1980). Hence, the court's charge on borrowed funds was not error.

3. Appellant contends the trial court erred by denying his motion

for a mistrial after the prosecuting attorney commented twice in his closing argument on appellant's failure to testify or present evidence.

The transcript does not include the closing arguments of counsel, the motion for a mistrial, or the court's ruling thereon. However, appellant filed a motion to have the record completed under the provisions of OCGA § 5-6-41 (f) (formerly Code Ann. § 6-805 (f)). At a hearing on the motion it was shown that the district attorney in closing argument made reference to the fact that the defendant had not testified. Appellant's motion for a mistrial was denied and the trial court instructed the jury to disregard the comment of the district attorney, who then apologized to the jury for his remark.

A trial court has broad discretion in ruling on a motion for mistrial, and this court will not disturb the ruling in the absence of a manifest abuse of discretion and a mistrial is essential to preserve a defendant's right to a fair trial. *McCormick v. State*, 152 Ga. App. 14, 15 (2) (262 SE2d 173) (1979). Here the trial court gave curative instructions to the jury, and we have held that in the absence of a demonstration that a mistrial was essential to preservation of a defendant's right to a fair trial, it is not an abuse of discretion to deny a motion for a mistrial even where *no* curative instructions were given. *Simonton v. State*, 151 Ga. App. 431 (1) (260 SE2d 487) (1979). Under the circumstances of this case, and based on the limited information as to the district attorney's remark and the curative instruction given, we find no abuse of discretion in denying appellant's motion for a mistrial.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED MARCH 13, 1984.

*Lynward S. Bussey*, for appellant.
*Hobart M. Hind, District Attorney*, for appellee.