### 70834. HEARD v. THE STATE.
(334 SE2d 374)

BANKE, Chief Judge.

The defendant was convicted of homicide by vehicle in the first degree, operating a motor vehicle after being declared an habitual violator, driving under the influence of alcohol, leaving the scene of an accident, failure to have insurance as required by the Motor Vehicle Accident Reparations Act, unlawful use of a driver's license, and giving a false name to a law enforcement officer. On appeal, he contends that the court's charge on criminal intent, when viewed in light of the United States Supreme Court's recent decision in *Francis v. Franklin*, 471 U. S. __ (105 SC 1965, 85 LE2d 344) (1985), must be considered unconstitutionally burden shifting. *Held*:

The jury charges under consideration in *Francis v. Franklin* were (1) that "(t)he acts of a person of sound mind and discretion *are presumed* to be the product of a person's will, but the presumption may be rebutted" and (2) that "(a) person of sound mind and discretion *is presumed* to intend the natural and probable consequences of his acts, but the presumption may be rebutted." Id. 85 LE2d at 350. (Emphasis supplied.) The Supreme Court ruled that a reasonable juror might view these charges as creating a mandatory presumption which relieved the state of its burden of proof with respect to criminal intent, in that "[t]he jurors 'were not told that they had a choice, or

that they *might* infer that conclusion; they were told only that the law presumed it.' " Id. 85 LE2d at 354-355. The charge at issue in the case before us, on the other hand, was as follows: "I charge you that every person *may be* presumed to be of sound mind and discretion, but this presumption may be rebutted. *You may infer, if you wish to do so*, that the acts of a person of sound mind and discretion are the product of his will and that a person of sound mind and discretion intends the natural and probable consequences of his act. Whether or not you make any such inference or inferences is a matter solely within your discretion as a jury." (Emphasis supplied.) See Suggested Pattern Jury Instructions, Council of Superior Court Judges of Georgia, Vol. II (Criminal Cases), Instruction G, p. 25 (1984). The difference between the two sets of instructions is quite evident. The charge at issue in the present case, being couched in permissive rather than mandatory language, could not reasonably be understood as creating a mandatory presumption with regard to criminal intent. "A permissive inference violates the Due Process Clause only if the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury." *Francis v. Franklin*, supra, 85 LE2d at 353-354. We hold that the court's charge in this case does not fall into the latter category and consequently that the court did not err in giving it.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 4, 1985.

*J. Dunham McAllister*, for appellant.

*Robert E. Keller, District Attorney, David C. Marshall, Assistant District Attorney*, for appellee.