## 72728. PARKS v. THE STATE.
(348 SE2d 481)

BANKE, Chief Judge.

Parks appeals his conviction of driving with a revoked license. *Held*:

1. Pursuant to OCGA § 17-7-110, appellant was furnished with a list of witnesses prior to trial containing the name of an employee of the Georgia Department of Public Safety (GDPS). At trial, however, the state substituted for this witness another GDPS employee whose name had not been listed. Appellant claims that the trial court erred in overruling his objection to the substitution. We disagree. The witness was qualified as a custodian of the records for the GDPS, and the primary purpose of his testimony was merely to authenticate appellant's driving records. No harm is shown to have resulted from the substitution of one records custodian for another; and, under the circumstances, we hold that appellant was not unfairly surprised. See *Clark v. State*, 138 Ga. App. 266 (3) (226 SE2d 89) (1976); *Arnold v. State*, 163 Ga. App. 94 (2) (292 SE2d 891) (1982).

2. Appellant contends that the GDPS witness in question was improperly allowed to testify as an expert concerning the legal validity in Georgia of a license issued by another jurisdiction to a person who has been declared an habitual violator in Georgia.

The indictment charged appellant with the felony offense of operating a motor vehicle after revocation of his license as an habitual violator. However, the jury did not find him guilty of that offense but

of the misdemeanor offense of driving with a revoked license. While it is true that the jury should receive the law from the court, the objected to testimony was not an incorrect statement of the law, and we conclude that appellant was not harmed by its admission. See *Arnold*, supra at 95.

3. Appellant contends that the following jury instruction was unconstitutionally burden-shifting: "You may infer in this case, if you wish to do so, that the acts of a person of sound mind and discretion are the product of his will and you may also infer, if you wish to do so, that a person of sound mind and discretion intends the natural and probable consequences of his acts. Whether you make any such inference or inferences is a matter solely within the discretion of the jury."

This instruction is, in essence, identical to the instruction recently approved by this court in *Heard v. State*, 175 Ga. App. 793 (334 SE2d 374) (1985), where we held that such a charge, "being couched in permissive rather than mandatory language, could not reasonably be understood as creating a mandatory presumption with regard to criminal intent." Id. at 794. Accordingly, this enumeration of error is without merit.

4. Appellant claims that the trial court erred in charging the jury that driving with a suspended or revoked license (OCGA § 40-5-121) was a lesser included offense of operating a motor vehicle after revocation of one's license as an habitual violator (OCGA § 40-5-58). This contention is premised on the fact that the latter offense does not require proof that the vehicle was operated on a "public highway," whereas the former one does.

"[A] crime [is] 'included' within another if, as a matter of *fact*, or 'alternatively' as a matter of *law*, the conditions stipulated by [OCGA § 16-1-6] [are] satisfied." *Ramsey v. State*, 145 Ga. App. 60 (10) (243 SE2d 555) (1978), rev'd on other grounds, 241 Ga. 426 (246 SE2d 190) (1978). The state's case against the appellant was based on evidence that he had been stopped by the police while operating an automobile on Interstate 20, at a time when his Georgia driver's license was revoked due to his having been declared an habitual violator. Thus, the conduct of which the appellant stood accused constituted a violation of both OCGA § 40-5-121 and OCGA § 40-5-58, with the result that the former offense was included in the latter as a matter of fact. It follows that the trial court did not err in charging on OCGA § 40-5-121 as a lesser included offense. See generally *State v. Stonaker*, 236 Ga. 1, 2 (222 SE2d 354) (1976).

5. Finally, appellant contends that the trial court incorrectly charged the jury that a resident or nonresident whose driver's license had been suspended or revoked could not operate a motor vehicle in Georgia under a license issued by another jurisdiction until his Geor-

gia license had been restored. See OCGA § 40-5-65. The undisputed evidence was that appellant had obtained a Florida driver's license while his Georgia license was under revocation. "Where there is any evidence, however slight, upon a particular point, it is not error for the court to charge the law in relation to that issue." *Butler v. State*, 170 Ga. App. 257, 259 (316 SE2d 841) (1984). Clearly, the charge was properly adjusted to the evidence. Read as a whole, the charge properly informed the jurors of the law and was not objectionable as being confusing or misleading. See generally *Shields v. State*, 171 Ga. App. 200 (319 SE2d 72) (1984).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JULY 15, 1986 —
REHEARING DENIED JULY 29, 1986 ▮▮▮▮▮▮▮▮▮

*John D. McCord III*, for appellant.
*Robert E. Wilson, District Attorney, Stephen Roberts, Barbara Conroy, Assistant District Attorneys*, for appellee.