## 75348. JOHNSON v. THE STATE.
(364 SE2d 893)

SOGNIER, Judge.

Appellant was convicted of attempted burglary and he appeals.

1. Appellant contends the trial court erred by charging the jury on flight. He argues that all evidence connecting him with the scene of the crime was circumstantial and there was no evidence of flight by appellant.

The evidence disclosed that Ken Boling, general shop manager of Parts Manufacturing Associates, left work sometime after 11:00 p.m. and noticed an unfamiliar truck parked at the rear of the company's building. Boling drove to a nearby bar and restaurant and called the police, requesting they come and check on the truck. On arrival the police checked the area for the operator of the truck and discovered that a fence separating Parts Manufacturing Associates and a firm called Ditch Witch had been cut. The police checked the Ditch Witch building and found that two door handles had been pulled or cut off; they also found some footprints in the mud behind the Ditch Witch building. The police ran a check on the truck's VIN and determined that it belonged to appellant. The police then called appellant's wife, who stated that she was to pick up appellant at a Texaco station at the intersection of I-285 and the Riverdale Road exit. An officer was dispatched to the Texaco station, where he picked up appellant as he was walking toward the Texaco station on the exit ramp from I-285 to Riverdale Road. Appellant was returned to the scene of the attempted break-in at Ditch Witch, where he told the police he had been working on a house just off highway 138 east of Jonesboro, Georgia, when he discovered his truck was missing. Appellant also told the

police that he then walked on Highway 138 to State Highway 85; north on 85 to I-285; and thence to Riverdale Road where the Texaco station was located. Appellant was unable to show the police the house where appellant was allegedly working when his truck was stolen, and when police retraced the route appellant said he had taken, it was a distance of fourteen miles. Appellant had the keys to his truck in his pocket, and the design on the sole of the tennis shoes appellant was wearing matched the footprints found behind the Ditch Witch building. Further, a pair of bolt cutters was found behind the seat of appellant's pickup truck, and an expert in tool mark identification testified that tool marks left on one of the door handles that had been removed matched marks made by the bolt cutters found in appellant's truck. Testimony was also presented that the Texaco station was only two-and-a-half or three miles from Ditch Witch.

To justify a charge on a given subject it is not necessary that there be direct evidence going to that point; it is enough if there is something from which a legitimate process of reasoning can be carried on in respect of it. *Butler v. State*, 170 Ga. App. 257, 259 (2) (316 SE2d 841) (1984). In our opinion, the evidence set forth above supports an inference that appellant was at the scene and fled the scene after his unsuccessful attempt to break into the Ditch Witch building. Where there is any evidence, however slight, upon a particular point, it is not error to charge the law in relation to that issue. Id. Hence, the trial court did not err by charging the jury on flight.

2. Appellant contends the evidence, being all circumstantial, is insufficient to support the verdict because it does not exclude every reasonable hypothesis save that of appellant's guilt. Whether every reasonable hypothesis except that of guilt of the defendant has been excluded is primarily a question for the jury, *Jones v. State*, 165 Ga. App. 36, 38 (1) (299 SE2d 576) (1983), especially where, as here, the jury has been charged on this issue. We find the evidence set forth in Division 1, even though circumstantial as to appellant's presence at the scene, is sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). See generally *Jones v. State*, 156 Ga. App. 823, 824-825 (275 SE2d 712) (1980).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JANUARY 11, 1988.

*Ansell T. Maund III*, for appellant.
*Robert E. Keller, District Attorney*, for appellee.