## 75877. GIBSON v. THE STATE.
(368 SE2d 545)

SOGNIER, Judge.

Appellant was convicted of aggravated assault. In his sole enumeration of error appellant contends the trial court erred by charging the jury on flight, because there was no evidence of flight.

The evidence disclosed that appellant and James Grant got into a fight outside a club, Jimmy's Tavern, shortly after midnight on January 31-February 1, 1987 (a Saturday night). Grant was seriously cut by appellant with a razor-type box-cutter. The sheriff's office had been notified that there was a fight in progress and when a deputy sheriff, Robbie Cason, arrived two or three minutes after receiving the call, neither appellant nor Grant was present. Grant had gone to the hospital to be treated for his wounds, including a cut throat and a large cut on his back. Cason was unable to talk to Grant that night, but learned later that same morning (Sunday) that appellant was the other person involved in the fight. Cason was unable to locate appellant until Monday morning, when Cason learned where appellant was working. Appellant admitted freely that he had cut Grant, because he thought Grant might have a gun.

While there is no direct evidence that appellant fled the scene, the fact that he was not present when Cason arrived and could not be located until Monday morning could give rise to an inference that he was avoiding the police, despite the fact that he was cooperative after he was located. To justify a charge on a given subject it is not necessary that there be direct evidence going to the point; it is enough if there is something from which a legitimate process of reasoning can be carried on in respect to it. *Butler v. State*, 170 Ga. App. 257, 259 (2) (316 SE2d 841) (1984). Thus, we find that the charge was not error.

Even should we assume, for the sake of argument only, that the trial court erred in charging on flight, such error would be harmless. The fact that there is other evidence to convict, in and of itself, does not make the error harmless; rather, the test is whether the error may have influenced the jury's verdict. *Moore v. State*, 254 Ga. 674, 677 (333 SE2d 605) (1985). Applying that test to the facts of the instant

case, we find it unlikely that the charge on flight influenced the verdict. Thus, any error was harmless.

*Judgment affirmed. Carley, J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED APRIL 4, 1988.

*Joel E. Williams, Jr.*, for appellant.
*Dupont K. Cheney, District Attorney, J. Stephen Archer, Assistant District Attorney*, for appellee.