## 58363. McCORMICK v. THE STATE.

DEEN, Chief Judge.

This case is a companion case to *Brockington v. State,* 152 Ga. App. 11 (1979), and appellant was also convicted of possession of tools for the commission of a crime and attempted burglary.

1. The trial court did not err in denying appellant's motion for a severance. When the case was called for trial, appellant appeared without counsel as his attorney had withdrawn eight days previously. Mr. Mattox was called, appointed to represent the defendant, and announced: "I can get ready to go now or later, but I would like to see the indictment." He also made a motion for a severance. The court inquired: "Are you announcing ready, subject to that motion." A. "Yes sir." The court overruled the motion. When asked if he was ready to proceed with jury selection, counsel responded: "Yes, sir."

In *Cain v. State,* 235 Ga. 128 (218 SE2d 856) (1975), the Supreme Court held: "Since the grant or denial of a motion to sever is left to the discretion of the trial court, its ruling will be overturned only for an abuse of discretion ... But the burden is on the defendant requesting the severance to do more than raise the possibility that a separate trial would give him a better chance of acquittal . . . He must make a clear showing of prejudice and a consequent denial of due process." Here, appellant gave the court no reason why a severance was necessary, made

no showing of prejudice, nor has he shown a consequent denial of due process.

2. Appellant contends that the trial court erred in denying his motion for a mistrial after a police officer testified he saw a .25 caliber automatic pistol underneath the front seat of the truck "because counsel had no warning that anything like this would come up and he had done no investigating whatsoever."

The transcript shows that counsel announced ready to proceed at the beginning of trial and at no time made a motion for a continuance. After his motion was denied he cross examined the witness about the gun.

As the trial court has broad discretion in ruling on a motion for mistrial, this court will not disturb that ruling unless there has been a manifest abuse of discretion and a mistrial is essential to preserve a defendant's right to a fair trial. *Smith v. State,* 142 Ga. App. 1 (234 SE2d 816) (1977). A mistrial will not lie where the evidence is admitted without objection. *Williams v. State,* 117 Ga. App. 79 (159 SE2d 454) (1968). In the present case, counsel's only objection to the evidence was a simple "I object" which he made immediately before his motion for a mistrial. Such a vague objection is insufficient to present a question on appeal as to the admissibility of evidence. *Walker v. State,* 226 Ga. 292 (174 SE2d 440) (1970). This enumeration is without merit.

3. The trial court did not err in overruling appellant's motion to exclude evidence obtained following an allegedly illegal arrest for the reasons set forth in *Brockington v. State,* supra.

4. Appellant's remaining enumerations of error are not supported by either citation to authority or argument and are deemed abandoned. Court of Appeals Rule 15 (c) (2).

*Judgment affirmed. Shulman and Carley, JJ., concur.*

Submitted September 5, 1979 — Decided October 12, 1979 —

*John D. Mattox,* for appellant.

*Glenn Thomas, Jr., District Attorney, John B. Johnson, III, Assistant District Attorney,* for appellee.