## 61749. YARBER v. THE STATE.

CARLEY, Judge.

Appellant was indicted for one count of theft and one count of burglary. From the judgment entered on the jury verdict of guilty as to both counts, he appeals. The sole enumeration of error concerns the denial of the appellant's motion for continuance predicated upon one juror's response to a question posed by the state.

During voir dire, the state posed the following question to a panel of six (6) prospective jurors seated in the jury box: "Do any of you know the defendant Donald Yarber?" To this question, Mr. Gober, one of the prospective jurors on this panel and a correction officer at the Georgia Industrial Institute located in Alto, Georgia, answered, "I knew him when he was at Alto."

The transcript reveals that at the time of Mr. Gober's response six prospective jurors, including Mr. Gober, were seated in the jury box and three panels, each comprised of twelve prospective jurors, were seated in the courtroom. After the response the trial court took the following precautionary measures: Without being informed of the question or the contents of the reply, the first panel of twelve prospective jurors seated in the courtroom was required to stand and was then asked if any of its members overheard Mr. Gober's response. This process was repeated with each of the two remaining panels. Two persons out of the thirty-six prospective jurors seated in the courtroom indicated they had heard the response and they were excused. In addition, the trial court assumed that all five persons seated in the jury box with Mr. Gober heard the response and they along with Mr. Gober were disqualified without inquiry. The eight disqualified persons were replaced and were instructed to keep the information they had overheard to themselves and not to repeat it to anyone until the trial was completed. After this had transpired appellant moved for a continuance until the next term of court.

Citing *Lingerfelt v. State,* 147 Ga. App. 371 (249 SE2d 100) (1978), appellant contends that his motion was improperly denied because the response impermissibly placed his character in issue, was inherently prejudicial and deprived appellant of his right to begin his

trial with a jury "free from even a suspicion of prejudgment or fixed opinion." First, we are not convinced that Mr. Gober's response had the effect of placing appellant's character in issue. This response also could have been interpreted to mean that Mr. Gober knew appellant when he worked at the institution or when appellant resided in the town of Alto. We do not believe that Mr. Gober's response raises any inference that he acquired his knowledge as a result of appellant having been an inmate at Alto. See *Taylor v. State,* 243 Ga. 222 (6) (253 SE2d 191) (1979); *Brown v. State,* 237 Ga. 467 (1) (228 SE2d 853) (1976); *Woodard v. State,* 234 Ga. 901 (2) (218 SE2d 629) (1975).

However, even assuming that Mr. Gober's response did place appellant's character in issue and was inherently prejudicial, it did not, under the circumstances of the instant case, deprive appellant of his right to a fair trial. All of the prospective jurors seated in the jury box at the time of the response, including Mr. Gober, were disqualified. In addition, the two prospective jurors seated in the courtroom who indicated they heard the response were removed. These disqualified prospective jurors were replaced by individuals who did not hear the response. Thus, appellant was provided with a "new" panel which was comprised of individuals who had not been privy to the allegedly prejudicial response. Compare *Moore v. State,* 156 Ga. App. 92 (1) (274 SE2d 107) (1980). Thereafter the trial court again propounded the statutory voir dire questions and all of the prospective jurors were qualified.

Based upon the fact that the jury actually chosen to try this case was selected from a panel of forty-two prospective jurors, none of whom heard the response complained of, we conclude that any prejudice which might have resulted because of the response was removed. Cf. *Garcia v. State,* 240 Ga. 796 (2) (242 SE2d 588) (1978). Certainly appellant has failed to show actual prejudice in the jury selection process to a degree which rendered the trial fundamentally unfair. *Mooney v. State,* 243 Ga. 373, 388 (254 SE2d 337) (1979). For the foregoing reasons, the trial court did not err in denying appellant's motion for continuance.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JULY 9, 1981 —
REHEARING DENIED JULY 23, 1981

*M. Keith York,* for appellant.

*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney,* for appellee.