## 40632. BOLES v. THE STATE.

### ORDER OF COURT.

Upon consideration of the application for certiorari filed to review the judgment of the Court of Appeals in this case, it is ordered that the writ be hereby denied.

*All the Justices concur, except Hill, C. J., Smith and Bell, JJ., who dissent.*

ORDERED JANUARY 6, 1984.

*William O. Cox, Calhoun, Hubbard, Riddle & Cox,* for appellant.

*Spencer Lawton, Jr., District Attorney,* for appellee.

SMITH, Justice, dissenting.

I dissent from the court's denial of the application for certiorari for three reasons. First, the allegations of juror misconduct in this case are serious charges which warrant our review. Second, in my view appellate courts are too often prone to excuse juror misconduct based on the time-honored adage that "a juror cannot be heard to impeach his own verdict." Third, juror misconduct must not be condoned,

regardless of whether the tainted evidence gathered by the juror favors the defendant or the state. I would grant the certiorari application, reverse appellant's conviction, and remand for a new trial.

Appellant Boles was arrested and charged with armed robbery. Following the presentation of evidence and without the trial judge's knowledge or permission, one of the jurors visited the crime scene during an overnight recess. This juror later related her observations to the entire jury and they discussed what she saw. Appellant was convicted. At the hearing on appellant's motion for new trial, a juror testified that the improper observations tended to discredit, rather than bolster, the testimony of a state's witness.

The Court of Appeals affirmed appellant's conviction. *Boles v. State,* 168 Ga. App. 904 (310 SE2d 741) (1983). Acknowledging that the juror's unauthorized visit to the crime scene constituted "obvious jury misconduct which resulted in error in the trial proceedings," the court went on to find that the error was harmless. I cannot agree. "In Georgia, it has been held that where an irregularity in the conduct of the juror is shown, the presumption is that the defendant has been prejudiced and the burden is on the state to rebut that presumption." *Martin v. State,* 242 Ga. 699, 701 (251 SE2d 240) (1978). In *Watkins v. State,* 237 Ga. 678 (229 SE2d 465) (1976), we held that a similar unauthorized visit to the scene of the crime by two jurors who later presented their findings to the full jury made those jurors "in a real sense, unsworn witnesses against the appellant in violation of the Sixth Amendment." Id. at 684. For that reason, the court said that the rule prohibiting jurors from impeaching their own verdict was simply inapplicable, and Watkins' conviction was reversed.

The juror misconduct in this case is no less flagrant than that which we condemned in *Watkins.* Such juror misconduct unfortunately occurs all too often, and should not be condoned or treated lightly. The trial judge is obligated to impress upon each juror the great importance of abiding by the instructions not to conduct independent viewings of the crime scene, and to enforce these warnings by use of the contempt power. Because the unauthorized visit to the crime scene in this case violated appellant's Sixth Amendment right to confront the witnesses used against him, I would reverse his conviction.

I am authorized to state that Chief Justice Hill joins in this dissent.