## 70938. CARTAYA v. THE STATE.
(336 SE2d 324)

SOGNIER, Judge.

Cartaya appeals from his conviction of armed robbery and aggravated assault.

1. Appellant contends the evidence is not sufficient to support the verdict. The evidence disclosed that as Horace "Chance" Evans was padlocking the rear door to his restaurant about 1:30 a.m., appellant ran across the parking lot and knocked Evans back inside. Appellant grabbed Evans from behind and beat him on the back, shoulders, neck and head with a pistol; appellant also had a knife and was cutting and stabbing at Evans. Francisco Fonts Martinez joined appellant and locked the back door. The two men demanded money and forced Evans at gunpoint to open the safe. Evans gave the men all the money in the safe, and the men also took appellant's money from his billfold. Appellant then forced Evans into a cooler and shot him, resulting in his hospitalization for almost two weeks. Evans first called a friend who took him to the hospital; while waiting for his friend

Evans called the police. Evans identified appellant positively as the person who robbed and shot him, because appellant had worked at Evans' restaurant as a busboy. He later identified Martinez from a photographic lineup.

Emilia Montero testified that she had worked at Evans' restaurant and knew appellant. Montero and appellant met by chance at the Atlanta jail and appellant told Montero he was in jail because he had shot "Chance" Evans and had taken $1,000. Appellant denied shooting or robbing Evans.

We find the evidence sufficient to meet the standard of proof set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2.. Appellant contends error in the denial of his motion for a mistrial based on allegedly improper remarks by the prosecuting attorney during closing argument.

During the trial evidence was presented that appellant's co-defendant was involved in a shooting incident with one Mendoza prior to the robbery and assault in the instant case. During closing argument the prosecuting attorney stated: "We saw a little about the true character of these men when we talked about what happened in the other shooting incident involving Mendoza [the victim]." Appellant contends this statement was not based on the evidence and was highly prejudicial to him.

The comment objected to was made after the prosecutor told the jury not to be fooled by the appearance of the defendants in court, as they wanted to make a good impression on the jury. Although the prosecutor referred to "these" men in referring to the shooting incident, we do not believe the remark was prejudicial because the jury had heard the evidence and was aware that only appellant's co-defendant was involved in the shooting incident. Under such circumstances we do not believe the jury was misled by the prosecutor's remark. A trial court has broad discretion in ruling on a motion for a mistrial, and this court will not disturb the ruling in the absence of a manifest abuse of discretion, and a mistrial is essential to preserve the defendant's right to a fair trial. *McCormick v. State*, 152 Ga. App. 14, 15 (2) (262 SE2d 173) (1979). We find no prejudice resulting from the argument of the prosecuting attorney. Further, considering the overwhelming evidence of appellant's guilt, it was highly probable that the prosecuting attorney's argument did not contribute to the verdict in this case and any error in allowing the argument was harmless. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED OCTOBER 11, 1985.

*Michael H. Lane*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney*, for appellee.