## 70939. MARTINEZ v. THE STATE.
### (336 SE2d 349)

DEEN, Presiding Judge.

Appellant Martinez was tried jointly with a co-defendant, not a party to this appeal, on charges of armed robbery, kidnapping, and aggravated assault. A Fulton County jury found both defendants guilty of armed robbery and aggravated assault, and each was sentenced to life imprisonment on one count and twenty years on the other, the sentences to run concurrently.

Martinez moved for new trial on the general grounds, and the trial court denied the motion. He filed a timely notice of appeal on April 15, 1985, and enumerates as error the general grounds and the trial court's denial of his motion for mistrial based on the prosecutor's reference to facts allegedly not in evidence. *Held*:

1. Thorough scrutiny of the record on appeal reveals that appellant's enumeration of the general grounds has no merit. The victim viewed three different photographic line-ups and swiftly and unhesitatingly selected appellant Martinez's photograph when it appeared in the third array. He positively identified Martinez in court as one of the two perpetrators. Moreover, other competent evidence was adduced at trial which pointed directly to appellant as one of the assailants. The appellate court considers the sufficiency of the evidence, not its weight. *Ridley v. State*, 236 Ga. 147 (223 SE2d 131) (1976); *Witt v. State*, 157 Ga. App. 564 (278 SE2d 145) (1981); *Peacock v. State*, 154 Ga. App. 201 (267 SE2d 807) (1980). The evidence in the instant case is such as to authorize a rational trier of fact to find appellant guilty as charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Anderson v. State*, 245 Ga. 619 (266 SE2d 221) (1980).

2. The trial court has broad discretion in ruling on a motion for mistrial, and the appellate court will not disturb the ruling in the absence of manifest abuse of discretion such as to necessitate a mistrial

to preserve the defendant's right to a fair trial. *McCormick v. State*, 152 Ga. App. 14 (262 SE2d 173) (1979). The trial transcript reveals that the prosecutor made no remarks which, in the context of the evidence, could be considered unduly prejudicial or otherwise improper, or such as to warrant a mistrial. Moreover, in view of the abundance of competent evidence against appellant which was adduced at trial, and even assuming *arguendo* that the prosecutor's remarks might have constituted error, we find it "highly probable that the error did not contribute to the judgment." *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976). See *Cartaya v. State*, 176 Ga. App. 404 (336 SE2d 324) (1985). This enumeration is also without merit.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED OCTOBER 16, 1985.

*Dennis R. Kruszewski*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney*, for appellee.