### 71990. WEAVER v. THE STATE.
(341 SE2d 921)

BANKE, Chief Judge.

Rex Allen Weaver was convicted of rape, aggravated assault, burglary, false imprisonment, and possession of a knife during the commission of a felony. A motion for a new trial was granted as to the burglary conviction but denied as to the remaining convictions. This

appeal followed.

At trial Weaver admitted that he had gone to the victim's home carrying a knife under his coat, gained entrance by asking to use her phone, and had sexual relations with her after brandishing the knife; however, he maintained that he believed she had consented. Shortly after the incidents occurred, the victim contacted the police and provided them with a description of her assailant. As a result, two police officers and a GBI agent subsequently appeared at Weaver's residence, where they identified themselves and were admitted by Weaver. Once inside the residence, the GBI agent informed Weaver that he wished to discuss the reported rape and advised him of his *Miranda* rights, whereupon, according to the officers, Weaver voluntarily made an incriminating statement to them and then consented to a search of his home, leading them both to the knife which he had brandished earlier in the victim's home and to a hunting knife which he had also had in his possession. Weaver was arrested at this time and transported to the county jail, where he made a second statement, following another *Miranda* warning. The clothing which he was wearing was seized, and a penile swab specimen was obtained. *Held*:

1. Weaver contends that all of the statements and the physical evidence should have been suppressed as the fruit of an unlawful arrest. However, the trial court was authorized to conclude from the evidence that Weaver voluntarily consented to the officer's entry into his trailer, that he then spoke with them voluntarily after being fully advised of his *Miranda* rights, and that he then voluntarily consented to the search of his residence. Evidence obtained as a result of a lawful consent does not require a warrant in order to be admissible. *Dawson v. State*, 166 Ga. App. 199 (303 SE2d 532) (1983). Based on the information provided by the victim and the evidence obtained from Weaver at his home, the officers clearly had probable cause to believe that he had committed a felony. Accordingly, the arrest was valid. See generally *Mincey v. State*, 251 Ga. 255 (6a) (304 SE2d 882) (1983); *Durden v. State*, 250 Ga. 325 (1) (297 SE2d 237) (1982). It follows that none of the evidence in question was obtained unlawfully and that the trial court did not err in denying the motion to suppress.

2. Weaver contends that the trial court erred in refusing to order a mistrial based on certain comments by the state's attorney during closing argument having reference to a movie which had been televised the night before the offenses occurred, as well as a statement that an acquittal would have the effect of returning Weaver's knife to him to be used in a future offense. At the time the motion for mistrial was made, the trial court instructed the jury that there was no evidence of any movie and that they should disregard the state's attorney's comments in this regard. The trial court further instructed the jury that they must reach a verdict solely on the basis of the evidence

presented and that arguments of counsel were not evidence. These latter instructions were reiterated during the final charge.

A trial court has broad discretion in ruling on a motion for a mistrial, and this court will not disturb such ruling in the absence of a manifest abuse of that discretion which threatens the defendant's right to a fair trial. See *McCormick v. State*, 152 Ga. App. 14 (262 SE2d 173) (1979); *Cartaya v. State*, 176 Ga. App. 404 (2) (336 SE2d 324) (1985). We find the trial court's remedial instructions to the jury in the present case sufficient to insure Weaver's right to a fair trial. Accord *Ritter v. State*, 163 Ga. App. 158 (2) (293 SE2d 547) (1982). Moreover, in view of the overwhelming evidence of Weaver's guilt, it is highly probable that the comments of the state's attorney did not contribute to the jury's verdict. See generally *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976); *Cartaya v. State*, supra; *Martinez v. State*, 176 Ga. App. 448 (2) (336 SE2d 349) (1985).

3. Weaver contends that the trial court's charge to the jury with regard to intent was unconstitutionally burden-shifting. The trial court's charge was not phrased in terms of a rebuttable presumption, as was the charge at issue in *Francis v. Franklin*, 471 U. S. ___ (105 SC 1965, 85 LE2d 344) (1985), but rather in terms of a permissive inference. Consequently, it was not unconstitutionally burden-shifting. Also, the trial court specifically instructed the jury that "[a] person will not be presumed to act with criminal intention" and further charged that intent was an essential element which the state was required to prove beyond a reasonable doubt. Accordingly, this enumeration of error is without merit. Accord *Lingerfelt v. State*, 255 Ga. 180 (4) (336 SE2d 250) (1985); *Heard v. State*, 175 Ga. App. 793 (334 SE2d 374) (1985).

4. Weaver contends that the trial court erred in denying his motion for a directed verdict of acquittal with respect to the charges of aggravated assault, false imprisonment, and possession of a knife during the commission of a felony, on the ground that these offenses merged with the crime of rape.

By enacting OCGA § 16-11-106, the Legislature has expressly ordained that the possession of a firearm or knife during the commission of a felony "against or involving the person of another" shall be considered a separate offense from the underlying felony. See *Wiley v. State*, 250 Ga. 343 (6) (296 SE2d 714) (1982); *Wilson v. Zant*, 249 Ga. 373 (2) (290 SE2d 442) (1982). Accordingly, the trial court did not err in refusing to grant a directed verdict of acquittal as to the charge of possession of a knife during the commission of a felony.

The only aggravated assault shown by the evidence, however, was that by which the commission of the rape was effected. Similarly, the only evidence of an unlawful detention was that used to prove the commission of the rape. Where the state "uses up" all the evidence

that the defendant committed one crime in establishing another crime, the former crime must be deemed included in the latter as a matter of fact. See *Haynes v. State*, 249 Ga. 119 (2) (288 SE2d 185) (1982). After carefully considering the evidence adduced in the present case, we find that the offenses of aggravated assault and false imprisonment were included in the crime of rape as a matter of fact. An accused generally may not be convicted of multiple offenses arising from precisely the same conduct. See *Luke v. State*, 171 Ga. App. 201 (2) (318 SE2d 833) (1984). Accordingly, the convictions of aggravated assault and false imprisonment must be vacated.

*Judgment affirmed as to rape and possession of a knife during the commission of a felony. Judgment vacated as to aggravated assault and false imprisonment. Birdsong, P. J., and Sognier, J., concur.*

DECIDED MARCH 3, 1986.

*J. Roger Thompson*, for appellant.
*Roger G. Queen, District Attorney*, for appellee.