72314. HEATON v. THE STATE.
(350 SE2d 480)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of the offense of theft by taking (of a motor vehicle which exceeded $100 in value). *Held*:

1. Defendant contends that the jury panel was prejudiced by information that one of the prospective jurors was an attorney and had previously represented the defendant. Following the selection of a jury, defendant moved for a mistrial based on the statements made in the presence of all prospective jurors by the attorney/prospective juror. There is no transcript of the voir dire included in the record before us. However, from the colloquy between the trial court and counsel, it appears that the attorney/prospective juror stated that he was an attorney and had represented defendant. We do not view this initial response as having placed defendant's character in issue. *Yarber v. State*, 159 Ga. App. 392, 393 (283 SE2d 620). Defense counsel then asked the attorney/prospective juror whether he was engaged in the practice of criminal law. Defendant contends that from the positive response to the question it became obvious that the attorney/prospective juror had represented defendant in previous criminal actions. Defense counsel did not inquire as to whether the attorney/prospective juror also practiced civil law. (It was later established outside the presence of the jury that the attorney/prospective juror was also

engaged in the practice of civil law.) Under these circumstances any prejudice arising from the response to defense counsel's inquiry must be viewed as induced error. *Jackson v. State*, 154 Ga. App. 411, 412 (1) (268 SE2d 749); *Edwards v. State*, 235 Ga. 603, 604 (2) (221 SE2d 28).

Although the attorney/prospective juror spoke individually to one or two jurors concerning the fact that he had represented defendant, he did not state whether the representation involved a civil or criminal matter. The jurors to whom the attorney/prospective juror spoke were not among the 12 chosen to hear the case, nor did the jurors to whom the attorney/prospective juror spoke have any opportunity to communicate in that regard with the 12 jurors chosen to hear the case. This enumeration of error is without merit.

2. In his second enumeration of error defendant contends that the trial court "erred in not striking a new jury panel after Defendant objected to the fact that all of the jurors were white and that there were no black jurors on the panel. This was particularly prejudicial since defense counsel was black." (Tangentially, we note that the record fails to indicate the race of defendant's trial counsel. The parties have responded to this court's inquiry as to this issue with a stipulation that defendant's trial counsel "is Spanish in his national origin." However, we have assumed that defendant's trial counsel is a member of a recognized racial minority.) Defendant argues that, "[a]lthough in the instant case the Defendant was white, the defense attorney was a minority and this may have adversely influenced the jury."

The equal protection clause of the United States Constitution guarantees a criminal defendant that the State will not exclude members of his race from the jury on account of race or on the assumption that members of his race will be unable to impartially consider the State's case. See *Batson v. Kentucky*, 476 U. S. ___ (106 SC 1712, 90 LE2d 69); *Swain v. Alabama*, 380 U. S. 202 (85 SC 824, 13 LE2d 759); *Strauder v. West Virginia*, 100 U. S. 303, 309 (25 LE 664). However, since defendant was not a member of the allegedly excluded class, he lacked standing to make an equal protection claim. See in this regard *Batson v. Kentucky*, 476 U. S. ___, supra, and *Ingram v. State*, 253 Ga. 622, 627 (fn. 4) (323 SE2d 801). Defendant does not cite, nor are we able to find, authority for the supposition advanced by defendant that a defense attorney's membership in an excluded group would give a defendant, who is not a member of the excluded group, standing under the equal protection clause. This enumeration of error is without merit.

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED OCTOBER 31, 1986.

Linda B. Borsky, for appellant.

Thomas J. Charron, District Attorney, Debra H. Bernes, Assistant District Attorney, for appellee.