## 73226. THE STATE v. WATKINS.
### (356 SE2d 82)

McMURRAY, Presiding Judge.

Defendant is charged by indictment with the offense of trafficking in cocaine. This is an appeal by the State from the grant of defendant's motion to suppress evidence. *Held*:

On the morning of August 26, 1983, at approximately 10:45 a.m.,

Detective Mabe, responding to a suspicious person call, went to a shopping center parking lot. Officer Mabe found defendant and a female companion, both apparently asleep, in defendant's legally parked automobile. After speaking to the merchants who had placed the call, Officer Mabe attempted to arouse defendant and his companion. Although at first unable to awaken either, after about 45 seconds the officer awoke defendant. In response to Officer Mabe's inquiry, defendant told the officer that he and his girl friend had been riding around all night and they were tired and were going to sleep. In response to Officer Mabe's request for identification, defendant pointed to a traffic citation issued in Florida. Based on this identification of defendant Officer Mabe ran a check and determined that there was an outstanding warrant for defendant's arrest from the City of Atlanta. Officer Mabe placed defendant under arrest based on the warrant from the City of Atlanta and also for public drunkenness. Officer Mabe then attempted to awaken defendant's female companion whom he also arrested for public drunkenness.

It was approximately at this juncture that Officer Vermilion arrived at the scene to assist Officer Mabe. The officers conferred and agreed that, to expedite the matter, Officer Vermilion would impound the defendant's automobile while Officer Mabe transported the defendant and his female companion. Officer Mabe left the scene with defendant and his female companion and thereafter Officer Vermilion began the inventory of defendant's automobile pursuant to the decision to impound it. In the course of his inventory Officer Vermilion found the cocaine upon which the charges against defendant are predicated in a small styrofoam cooler on the rear floorboard of the automobile. Officer Mabe testified that no search of defendant's automobile incident to the arrest was done while he was present at the scene, that he never asked the defendant what he wanted done with his automobile and that defendant never gave any permission for a search of his automobile.

The State relies upon the rule established in *New York v. Belton*, 453 U. S. 454, 460 (101 SC 2860, 69 LE2d 768), that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile. . . ." Our decision in *State v. Hopkins*, 163 Ga. App. 141 (293 SE2d 529), involved the application of the *New York v. Belton* rule. In *Hopkins*, this court in applying the principles established by the United States Supreme Court in *New York v. Belton*, 453 U. S. 454, supra, held that a search is valid as an incident to a lawful custodial arrest where the defendant had been handcuffed and placed in a patrol car while the search was conducted. In *Hopkins*, we found that the teaching of *Belton* was "that a search of the passenger compartment of an automobile re-

cently occupied by an arrestee is a valid search incident to an arrest, even if the arrestee had no 'immediate control' of the area at the time the search was conducted. The decisive factor is whether the arrestee was, at the time of his *arrest*, a 'recent occupant' of the automobile, not whether the automobile and its contents were in his immediate control at the time of the *search* . . . Accordingly, it cannot be urged that the Supreme Court in *Belton* authorized a search of the passenger compartment of a vehicle which is no longer physically occupied by an arrestee only in a situation where the arrestee still retains *possible* access to the car and its contents." *State v. Hopkins*, supra, 143, 144.

The State argues that *State v. Hopkins*, 163 Ga. App. 141, supra, is indistinguishable factually from the case sub judice. Defendant argues that *New York v. Belton*, supra, and *State v. Hopkins*, supra, must be distinguished on the facts because he and his female companion were already being transported from the scene and were not present at the time of the search. The only factual difference between the instant case and *State v. Hopkins*, supra, is that here the defendant and his female companion were being transported to the police station while the search was conducted. Contrary to the defendant's contention, we find this to be a distinction without a difference because in *neither* case was there any possibility that the detainee could reach anything in the vehicle, and in *both* cases, the search was incident to the lawful custodial arrest of a person or persons who had recently occupied the vehicle searched. Under the particular facts and circumstances of the case sub judice there was a valid search of defendant's automobile. It was error for the trial court to grant defendant's motion to suppress.

*Judgment reversed. Carley and Pope, JJ., concur.*

DECIDED MARCH 19, 1987 —
REHEARING DENIED APRIL 1, 1987.

*Robert E. Wilson, District Attorney, J. Michael McDaniel, Assistant District Attorney*, for appellant.
*C. Stephen Allen, B. Anderson Mitcham*, for appellee.