## 74282. DEVINE v. THE STATE.
(359 SE2d 6)

SOGNIER, Judge.

Appellant was convicted of aggravated assault, two counts of criminal trespass and possession of a firearm by a convicted felon. On appeal, appellant contends the trial court erred by failing to take proper corrective action regarding the prosecutor's misconduct in instructing two State witnesses not to talk to appellant's counsel.

Appellant's counsel on cross-examination asked Melvin Baker, a State witness, if the district attorney asked Baker to talk to appellant's counsel about the case. "The district attorney informed me, I guess about a week-and-a-half ago, not to speak to your office." Because of this answer the court, sua sponte, held a hearing outside the presence of the jury to determine what had been said in regard to this issue. At the hearing Baker testified that he and his wife had not received any calls from appellant's counsel and had not heard from him. Baker also testified that no defense investigator had contacted him and that no one from the defense had ever tried to get in touch with him. When Baker and his wife informed the prosecuting attorney that they were scared to death of appellant and stated emphatically that they did not want to talk to appellant, the prosecuting attorney told the Bakers they did not have to talk to the defense if they did not want to, but the choice was theirs. The prosecuting attorney also told the Bakers that if he was going to advise them, "if you are scared to death of this man, I would advise you not to." The prosecuting attorney informed the court that he made it clear to the Bakers that the choice was theirs, and this was confirmed at the hearing by Mr. Baker.

Although it does not appear in the record, appellant apparently moved for a mistrial at a sidebar conference, because at the end of the

hearing on this issue the trial court denied appellant's motion for a mistrial. We find no error in this ruling. It is clear from the hearing that the prosecuting attorney did not tell the Bakers not to talk to the defense. He informed the Bakers that the choice was theirs, and *if* he was advising them, he would advise them not to talk to appellant if they were "scared to death" of the man. A trial court has broad discretion in ruling on a motion for a mistrial, and this court will not disturb the court's ruling absent a manifest abuse of discretion which requires a mistrial to preserve the defendant's right to a fair trial. *Weaver v. State*, 178 Ga. App. 91, 93 (2) (341 SE2d 921) (1986). We find no abuse of discretion here. The defense had made no effort to interview the Bakers, and after the prosecuting attorney discovered the Bakers did not want to talk to the defense, he voluntarily gave a copy of the Bakers' pretrial statements to the defense, even though such copies were not requested and the prosecuting attorney was under no obligation to do so. *Moore v. State*, 179 Ga. App. 488 (1) (347 SE2d 318) (1986). Accordingly, no corrective action was required and we find no error.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JUNE 8, 1987 —
REHEARING DENIED JUNE 17, 1987.

*Carl P. Greenberg*, for appellant.

*Robert E. Wilson, District Attorney, Barbara Conroy, R. Stephen Roberts, Assistant District Attorneys*, for appellee.