76179. BOY v. THE STATE.
(370 SE2d 787)

McMURRAY, Presiding Judge.

Defendant was indicted and convicted of the offense of armed robbery. At trial the State's evidence included a video tape of the armed robbery recorded from a security camera and testimony regarding defendant's confession of the crime charged. In his sole enumeration of error defendant contends the trial court erred in refusing to grant his motion for new trial. We note that defendant's appellate counsel is not the same as his trial counsel. *Held*:

The primary issue raised by defendant's motion for new trial in-

volves an improper extrajudicial communication with a juror. Among the panel of prospective jurors called for defendant's case was Stilwell, a secretary employed by Keown, an attorney. Keown had represented defendant previously in a burglary case and had been appointed to represent defendant in the case sub judice until relieved by retained counsel. During both periods of time Stilwell as Keown's secretary was familiar with most of the details of Keown's representation of defendant. Although voir dire was not recorded, the trial court recalled that Stilwell had stood up in open court and said that she knew the defendant and, in response to an inquiry, that her knowledge of defendant had something to do with her law firm. No objection was made when Stilwell's statements were made in open court in the presence of potential jurors some of whom eventually served on the jury before which the case sub judice was tried.

Stilwell was stricken by the prosecution. Following the selection of the jury, the improper communication at issue occurred when Earwood, one of the jurors chosen to serve in the trial of the case sub judice had a conversation with Stilwell which juror Earwood related as follows: "I was walking down the sidewalk and [Stilwell] was just a little bit behind me, and I turned to her and said, 'Does [defendant] look like he's been beaten up?' And she said, 'I don't know. But in the case that we represented' — and she named the lawyer's name which I do not remember. This type — I cannot remember exactly how she put it. 'In the case that we represented [defendant] on this was involved.'" Another juror Anderson testified in regard to overhearing the conversation between Stilwell and Earwood. Defendant contends that due to the improper communication he was deprived of his right to a fair and impartial jury and his right to confront and cross-examine witnesses against him and that his character was placed in issue. "We have held that where a communication with a jury is shown, the burden is on the state to rebut the presumption of harm. *Shaw v. State*, 83 Ga. 92 (9 SE 768) (1889)." *Owens v. State*, 251 Ga. 313, 321 (9), 322 (305 SE2d 102). See also *Mercer v. State*, 169 Ga. App. 723, 728 (6), 729 (314 SE2d 729). However, "a new trial will not be granted unless there is a reasonable possibility that the improper evidence collected by jurors contributed to the conviction. See *Boles v. State*, 168 Ga. App. 904 (2) (310 SE2d 741) (1983), cert. den. 252 Ga. 1 (312 SE2d 299) (1984)." *Bobo v. State*, 254 Ga. 146 (1) (327 SE2d 208).

While the conduct of juror Earwood in initiating the conversation with Stilwell was obviously improper, the evidence shows that the misconduct was not harmful to the defendant in the case sub judice. Information that defendant had previously been represented by an attorney does not place defendant's character in issue. *Heaton v. State*, 180 Ga. App. 718 (1) (350 SE2d 480). The evidence fails to show that neither, on voir dire nor during the improper communica-

tion, was the nature (whether civil or criminal) of Stilwell's employer's representation of defendant revealed. Nor does the reference to defendant having been beaten up place defendant's character in issue or suggest his guilt of any crime.

Neither of the two jurors, who testified at the hearing on defendant's motion for new trial, understood Stilwell's remarks at the time they were made to suggest that defendant had previously been prosecuted for a criminal offense. Juror Earwood drew such an inference only after hearing the evidence at trial. Juror Earwood did not communicate her conclusion that defendant had previously been in trouble until after the jury reached its verdict. Since the substance of the improper communication was not prejudicial and had already been heard by Earwood in open court without any objection by defendant we do not view the improper communication as being harmful in regard to juror Earwood. Juror Anderson, who overheard Stilwell's remarks, testified that she made no association between Stilwell's remarks and defendant. While there was evidence that during jury deliberations, remarks were made by an unidentified juror that defendant had been in previous trouble with the law, the record suggests that there was no reasonable possibility of the remarks having arisen from the improper communication with Stilwell.

The remaining issues argued by defendant were waived by failure to make timely and proper objections at trial. The trial court did not err in denying defendant's motion for new trial.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED JUNE 3, 1988 —
REHEARING DENIED JUNE 10, 1988 — 

*Robert S. Stubbs III*, for appellant.
*Rafe Banks III, District Attorney, Wallace W. Rogers III, Assistant District Attorney*, for appellee.