## 76036. LANZO v. THE STATE.
(371 SE2d 119)

McMURRAY, Presiding Judge.

Defendant Anthony James Lanzo and co-defendant George T. Hudson were charged with possession of cocaine with the intent to distribute in violation of the Georgia Controlled Substances Act. Following a jury trial, defendant was found guilty; the co-defendant was found guilty but mentally ill. Defendant's motion for a new trial was overruled and he now appeals. *Held*:

1. "Drug cases are no different from any other cases. If the defendant is proven to be the perpetrator of another drug crime and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, the separate crime will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct."

*State v. Johnson,* 246 Ga. 654, 655 (272 SE2d 321). Accordingly, the trial court did not err in admitting evidence that defendant engaged in other cocaine transactions (with the same agent of the Georgia Bureau of Investigation (GBI) who testified against defendant in this case) only months before the transaction in question.

2. In his second enumeration of error, defendant contends the trial court erred in allowing evidence which prejudicially placed his character in issue. This enumeration is made up of several parts.

(a) First, defendant complains that his character was impermissibly placed in evidence when a GBI agent testified that he was told by a confidential informant that defendant could obtain large quantities of cocaine. We cannot consider this complaint because it was not raised in the trial court. "It is well-settled that this court will not consider questions raised for the first time on review. *Scott v. State,* 243 Ga. 233, 234-235 (253 SE2d 698)." *Bowen v. State,* 173 Ga. App. 361, 362 (4) (326 SE2d 525).

(b) Next, defendant asserts the trial court erred in denying a motion for mistrial which was made following an allusion to a "probation hearing." The reference was made by a GBI agent upon direct examination. The agent was asked if a tape recording had ever been removed from the evidence room. The agent replied: "It was taken out during a probation —" At that point, the prosecutor interrupted: "Was it taken out for a hearing of some sort?" Thereupon, defense counsel informed the court she wished to make a motion outside the presence of the jury. The trial court instructed the jury to disregard the prosecutor's question and it instructed the officer not to respond to it. Then the jury was sent out and defense counsel moved for a mistrial. The trial court heard argument upon the mistrial motion and it was denied. Before the jury returned, the trial court asked defense counsel whether further curative instructions were desired. She replied negatively.

"A trial court has broad discretion in ruling on a motion for a mistrial, and this court will not disturb the court's ruling absent a manifest abuse of discretion which requires a mistrial to preserve the defendant's right to a fair trial. *Weaver v. State,* 178 Ga. App. 91, 93 (2) (341 SE2d 921)." *Devine v. State,* 183 Ga. App. 322, 323 (359 SE2d 6). It cannot be said the trial court abused its discretion in this case. In the first place, the allusion to a "probation hearing" did not necessarily put defendant's character in issue. See generally *Yarber v. State,* 159 Ga. App. 392 (283 SE2d 620); *Heaton v. State,* 180 Ga. App. 718 (1) (350 SE2d 480). Such a hearing could have been held with regard to others. (Defendant was indicted with four individuals. The jury was aware that they were involved in this transaction.) Additionally, the trial court immediately instructed the jury to disregard the prosecutor's question and it instructed the officer not to answer

the question. Finally, the trial court offered to take further corrective action if defendant's counsel deemed it necessary. Under these circumstances, we find no error. See *Hambrick v. State*, 256 Ga. 148, 149 (1) (344 SE2d 639).

(c) Defendant also contends it was error for the trial court to permit the introduction into evidence of a tape recorded conversation between defendant and a GBI agent. In this regard, defendant points out that the tape put defendant's character in issue since he was heard to brag about his cocaine and heroin connections. No such objection to the taped conversation was raised in the trial court. It will not be considered for the first time on appeal. *Tolbert v. State*, 180 Ga. App. 703, 704 (3) (350 SE2d 51). Even if such an objection had been raised, we would find no error. "Where evidence is otherwise relevant and material to the issues being tried, it is not rendered inadmissible merely because it may incidentally place the defendant's character in issue. [Cits.]" *Worthy v. State*, 180 Ga. App. 506, 508 (3) (349 SE2d 529).

(d) Finally, defendant posits that it was error to allow the State to introduce a "prejudicial" photograph depicting defendant on the day of his arrest "with long hair." We find no error. See *Dorsey v. State*, 183 Ga. App. 409 (1) (359 SE2d 195).

3. In his third enumeration of error, defendant contends the trial court erred in charging the jury on three occasions (twice during the trial and in the general charge) concerning the law of "similar transactions." We cannot see how defendant was harmed by these correct statements of the law. The third enumeration of error is without merit.

4. In its charge to the jury, the trial court often referred to defendant and his co-defendant plurally. For example, the jury was charged: "You and you alone make the decision as to what the evidence in this case shows, and whether or not the defendants are guilty or not guilty of the charge that's charged in the indictment or the lesser included offense of possession without the intent to distribute . . . If you should find beyond a reasonable doubt that the defendant, and you will make a verdict as to each of them and you will make separate findings, beyond a reasonable doubt that the defendants are guilty of possessing the cocaine with intent to distribute beyond a reasonable doubt, then it would be your duty to return a verdict of guilty. Now, in [the co-defendant's] case, you . . . may find him guilty of that, but you also have the option of finding whether or not he is guilty but mentally ill. You have the right to find the [co-defendant] not guilty by reason of insanity at the time it was committed, both defendants you have the right to find each defendant not guilty." Additionally, the trial court charged the jury at length on the law of conspiracy. In this regard, the trial court charged, in part: "A conspir-

acy is an agreement between two or more persons to do an unlawful act . . . Where persons associate themselves in an unlawful enterprise, any act done in furtherance of the unlawful enterprise by any party to the conspiracy is, in legal contemplation, the act of all . . ." At times, the trial court did instruct the jury separately with respect to each defendant. (After all, they had different defenses and the evidence was different as to each defendant.) And the court informed the jury that it was to return a separate verdict as to each defendant. At no point, however, did the trial court make it clear that under the evidence the jury was authorized to convict one defendant and acquit the other.

In his fourth assignment of error, defendant asserts the trial court erred by failing to charge that the conviction of one defendant did not necessitate the conviction of the other. We agree. "Because the evidence against defendant and his co-defendant was not identical . . . the trial court's plural reference to the defendants, combined with the failure to charge *distinctly* that the conviction of one defendant did not necessarily require the conviction of the other, was error. [Cits.]" *Porter v. State*, 182 Ga. App. 624 (1) (356 SE2d 703); *Scott v. State*, 182 Ga. App. 844 (1) (357 SE2d 297). The error becomes even more apparent when the conspiracy charge is examined. That charge tended to lump the defendants together as co-conspirators. Thus, the need for a *distinct* charge that the conviction of one defendant did not require the conviction of the other was even greater than it otherwise would have been. A retrial is in order.

5. The evidence was sufficient to enable a rational trier of fact to find defendant guilty of the crime charged beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). The general grounds are without merit.

6. The trial court did not err in admitting into evidence two sound recordings of conversations between defendant and a GBI agent. The proper foundation was laid for the admission of such evidence. *Smith v. State*, 171 Ga. App. 758, 761 (5) (321 SE2d 213); *Hall v. State*, 176 Ga. App. 428 (1) (336 SE2d 291).

7. Defendant contends in his final enumeration of error that his sentence is excessive when compared to the sentence meted out to his co-defendant and the other individuals who were indicted with him. Inasmuch as defendant's sentence is within the statutory limit, it will not be reviewed by this court. *Branch v. State*, 182 Ga. App. 818, 819 (3) (357 SE2d 136). Questions concerning the severity of a sentence, within legal limits, should be addressed to the sentence review panel. *Tommie v. State*, 158 Ga. App. 216 (1) (279 SE2d 510).

*Judgment reversed. Pope and Benham, JJ., concur.*

DECIDED JUNE 15, 1988 —
REHEARING DENIED JUNE 23, 1988 —

*Cliffe L. Gort*, for appellant.
*Thomas C. Lawler III, District Attorney, Scott A. Smeal, Thomas A. Devlin, Jr., Assistant District Attorneys*, for appellee.