A89A0932, A89A0933, A89A0934. GIBSON v. THE STATE (three cases).

(388 SE2d 45)

BIRDSONG, Judge.

Appellant Clement H. Gibson was indicted on violation of the Georgia Controlled Substances Act, in that he did, on May 17, 1988, "unlawfully possess cocaine." The subject of the violation was a tote bag of eleven zip-lock packets of cocaine found in the passenger's side of the vehicle he had parked in front of the motel where he was arrested.

Appellant, pro se, ultimately pleaded guilty to the offense and was sentenced to five years, two to serve and the remainder on probation. In three appeals, pro se, he challenges the "judgment of conviction and the sentence" (case no. A89A0932), the trial court's denial of his motion to suppress the evidence (case no. A89A0933), and the trial court's denial of his motion to appoint a special investigator. *Held:*

### Case No. A89A0932

The sentence imposed upon him is well within the maximum limit set by statute for the offense charged (see OCGA § 16-13-30) and is therefore legal and not subject to review by this court. *Lanzo v. State*, 187 Ga. App. 616, 619 (7) (371 SE2d 119).

### Case No. A89A0933

The trial court did not err in denying appellant's motion to suppress, on any ground he argued or raised below. The evidence showed that on May 13, 1988, Riverdale Police Investigator Hugh Brown was called to the Hometown Inn in Clayton County by the hotel security guard. Hotel employees had found what they believed to be drug paraphernalia in a guest room; they were removing items for storage because the patron was being "evicted," since he had registered to stay from March 30 to April 5, but had apparently abandoned the room, without paying in full. Investigator Brown was shown these items by the hotel employees: two glass tubes containing white powder residue; one Ace of Spades playing card with white powder residue; and one short plastic straw with white powder residue. Based on his experience, Investigator Brown believed the items were used in illegal drug activity, specifically use of cocaine, and seized the items. He ascertained that this room had been registered to Clement H. Gibson of Tampa, Florida; he then sent the seized items to the State Crime Lab.

On May 17, Brown received a call from a hotel employee who indicated the subject Clement H. Gibson had returned. Brown went to the Hometown Inn and confronted appellant in the manager's of-

fice. He arrested appellant at that time with probable cause for violation of the Georgia Controlled Substances Act by possession of cocaine: although the test reports had not returned confirming as cocaine the white powder residue on the items seized May 13 from appellant's hotel room, Brown from his experience believed the items, particularly the short plastic straw with white powder residue, proved possession and use of cocaine. After arresting appellant, Brown discovered a knife in appellant's pocket. Incident to the arrest, Brown impounded the Toyota vehicle parked directly in front of the hotel, and believing it contained additional contraband as indicated by the knife he had found, he inventoried its contents, whereupon he discovered a tote bag containing eleven zip-lock type bags of a white powder.

In finding that the May 17 arrest of appellant was based upon probable cause arising from the discovery by hotel employees of what Brown believed to be drug paraphernalia, and that the incident impoundment and inventory of appellant's vehicle were proper, the trial court aptly remarked that since the officer reasonably believed it contained cocaine or other drugs, it would have been inappropriate to leave it at the hotel and in hotel custody, particularly since a certain liability might attach if the vehicle were stolen or the probable drugs were removed from it (in hotel custody) and used. We have held constitutionally valid the impoundment of a vehicle with inventorying of its contents, even though the defendant was not in "immediate control" of the vehicle, so long as he was a "recent occupant" of the automobile, State v. Watkins, 182 Ga. App. 431, 432-433 (356 SE2d 82); see New York v. Belton, 453 U. S. 454, 460 (101 SC 2860, 69 LE2d 768), and State v. Hopkins, 163 Ga. App. 141 (293 SE2d 529).

To find the impoundment valid, it is not necessary that the defendant have possible access to the vehicle so as to abscond, or to destroy or conceal its contents. Watkins, supra. Appellant was not, as he suggested, entitled to be allowed to get in the vehicle and move it to a safer location or to arrange to have it removed; to say he was so entitled would be to give him the access which would per se authorize the impoundment and search. The only reasonable thing to be done here upon the appellant's valid arrest was to impound the vehicle, for the police had no authority, and were not required, to leave it at the hotel. On his arrest and detention, the defendant has no more need of it, and if he was a "recent occupant" there is reasonable cause to believe it may contain more of the accoutrements of the crime. In some such circumstances the police might be remiss to fail to remove it. See Jones v. State, 187 Ga. App. 421, 424 (370 SE2d 784). For these reasons, impounding and inventory search of this vehicle incident to a lawful arrest were constitutionally valid. Hopkins, supra.

We thus find no merit to appellant's objections to the refusal to

suppress evidence.

## Case No. A89A0934

The trial court did not abuse its discretion in denying appellant's request for a special investigator, prior to his plea of guilty. Appellant's request was on grounds generally that he needed to find witnesses and evidence that would support his defense. Nothing was suggested as to what such a special investigation might reveal, and no basis or explanation was given as to how appellant would be prejudiced without one. On appeal, no suggestion is made that this denial of a special investigator deprived him of any specific exonerating evidence and thus prejudiced his defense. As to the trial court's discretion in the conduct of criminal trials, see *Baxter v. State*, 254 Ga. 538 (2) (331 SE2d 561); *Cantrell v. State*, 184 Ga. App. 384 (361 SE2d 689). No grounds whatever are shown here, either below or on appeal, to criticize the trial court's exercise of discretion in this matter or find any error or harm in it.

We have reviewed the entire record relating to these appeals, and find no errors, and nothing prejudicial to the substantive rights of the appellant. See *Archer v. State*, 190 Ga. App. 285 (380 SE2d 91) (physical precedent only).

*Judgments affirmed. Deen, P. J., concurs. Benham, J., concurs specially.*

BENHAM, Judge, concurring specially.

Although I concur fully with the holdings in Case Nos. A89A0932 and A89A0934, and with the judgment in Case No. A89A0933, I cannot agree fully with everything said with regard to the latter case, and in particular with what I view as an unwarranted extension of the holdings in *State v. Watkins*, 182 Ga. App. 431 (356 SE2d 82) (1987), and *State v. Hopkins*, 163 Ga. App. 141 (293 SE2d 529) (1982). The majority relies on those cases for the proposition that it was permissible to impound appellant's vehicle and inventory its contents because he was a "recent occupant" of the vehicle. It is the application of the phrase "recent occupant" to the present case which concerns me. In both the cited cases, the arrestee was taken from the car and arrested. In the present case, appellant had parked the car and entered a building before the arresting officer arrived. Under those circumstances, I could not agree that appellant's status as a recent occupant of the vehicle warranted its search and seizure.

However, another case cited in the majority opinion, *Jones v. State*, 187 Ga. App. 421 (370 SE2d 784) (1988), provides a valid reason, under the factual circumstances of this case, to uphold the impoundment and inventory search of appellant's car. The arresting of-

ficer testified that it was in the ordinary course of business in such circumstances to impound an arrestee's vehicle and to inventory the contents for the purpose of protecting the police from liability for loss thereof. Here, as in *Jones*, appellant was alone and the car was parked on commercial premises in which the arrestee had no interest. Impounding the car and inventorying its contents were legitimate, and the denial of appellant's motion to suppress the evidence recovered in the search was proper. For that reason, I concur in the majority's affirmance in Case No. A89A0933.

DECIDED NOVEMBER 9, 1989.

Clement Gibson, *pro se.*
Robert E. Keller, *District Attorney*, for appellee.