594

for appellee.

A90A1981. LAWSON v. THE STATE.
A90A1982. TAYLOR v. THE STATE.
(402 SE2d 344)

POPE, Judge.

Co-defendants Gilbert Jerome Lawson and Franklin D. Roosevelt Taylor, Jr., were charged with separate offenses of distributing cocaine, tried jointly and both found guilty. Defendants raise identical enumerations of error on appeal.

1. We reject defendants' argument that the evidence was insufficient to support their convictions. Both defendants presented an alibi defense which was refuted by evidence presented by the State. The undercover agent who purchased rock cocaine from defendants positively identified them at trial. "The direct testimony of the officer was sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." *Williams v. State*, 197 Ga. App. 368 (398 SE2d 427) (1990).

2. We have reviewed the record and reject defendants' argument that the State improperly referred to facts not in evidence in its closing argument to the jury.

3. Both the Georgia Supreme Court and this court have approved jury instructions defining reasonable doubt as a "doubt for which a specific reason can be given." See *Ranger v. State*, 249 Ga. 315, 320 (5) (290 SE2d 63) (1982); *Bennett v. State*, 165 Ga. App. 600, 602 (302 SE2d 367) (1983). In the case now before us, the trial judge in his instructions described reasonable doubt as "doubt for which you can give your fellow jurors a reason therefor." Defendants argue the instruction was reversible error because it improperly implies that reasonable doubt is a collective decision to be reached by the jury as a whole rather than an individual determination. Although we do not favor a definition which implies a juror must articulate his reason for doubt to his fellow jurors, we do not find the instruction given here rises to the level of reversible error.

4. We reject defendants' argument that the trial court erred in failing to charge the jury explicitly that the conviction of one co-defendant did not necessarily require the conviction of the other. In examining whether the giving or not giving of a particular charge is reversible error, we are to consider the entire charge. *Hilton v. State*, 233 Ga. 11, 12 (2) (209 SE2d 606) (1974). We must also consider earlier instructions to the jury and the procedural circumstances of the case.

This case involves two separate special presentments, one for

each defendant, clearly setting out the separate charges as to each. The two defendants were not linked by a conjunction in any way in the wording or form of the presentments. Each bore a separate verdict form, related only to that defendant. The jury returned separate verdicts, finding Taylor "guilty on both counts" of his two-count presentment and Lawson "guilty" of the one charge against him.

At the beginning of jury selection, the court advised prospective jurors they would be trying "two cases." The court read each count, as to each separate defendant, to the jury. Each defendant testified on his own behalf.

The court opened the charge to the jury by referring to each separate charge against each defendant and informed the jury it would have the special presentments to aid in its deliberations. At the conclusion of the charge, the court directed the jury's attention to the fact that there were two separate presentments. In regard to the form of the verdicts, the court charged as to each defendant singly, clearly indicating that two separate verdicts would be required. No objection was made concerning the omission now complained of, either following the charge or in the motions for new trial.

That the guilt or innocence of each defendant had to be considered independently was implicit in the charge as a whole, the pre-trial instructions given by the court and the procedural circumstances of the case. Moreover, the court explicitly explained that each charge was to be considered and decided on its own. The facts of this case are distinguishable from those cited by defendants (*Lanzo v. State*, 187 Ga. App. 616 (4) (371 SE2d 119) (1988) and *Scott v. State*, 182 Ga. App. 844 (1) (357 SE2d 297) (1987)) because in both those cases, in the instructions to the jury, the trial court repeatedly referred to the defendants plurally and in *Lanzo* the court referred to a single "verdict."

*Judgments affirmed. Beasley and Andrews, JJ., concur.*

DECIDED FEBRUARY 15, 1991.

*Larsen & Flanders, H. Gibbs Flanders, Jr.*, for appellants.
*Ralph M. Walke, District Attorney, L. Craig Fraser, Assistant District Attorney*, for appellee.

