## A94A0815. MORELAND v. THE STATE.
### (445 SE2d 388)

SMITH, Judge.

Shalom Moreland was convicted of one count of selling cocaine in violation of the Georgia Controlled Substances Act, OCGA § 16-13-30. His motion for new trial was denied and he appeals, enumerating the general grounds.

Moreland was positively identified by the officer to whom he sold cocaine. The officer testified that he knew Moreland, but previously had been introduced to him as "Shalome Moton." At the time of the sale the officer was standing "within arm's reach" of Moreland in adequate lighting, had a good opportunity to observe him, and was "a hundred percent positive" that Moreland sold him the cocaine. He also was at the jail when Moreland was arrested, and he again recognized Moreland. Moreland testified that he was at work at the time of the cocaine sale, but the State produced the personnel director of his purported employer, who testified that Moreland had been terminated from that employment over one year before the date of the sale.

" 'The direct testimony of the officer was sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).' [Cit.]" *Lawson v. State*, 198 Ga. App. 594 (1) (402 SE2d 344) (1991). Moreland contends the officer's identification was suspect because of the variation in Moreland's name as known to the officer, the vague description of Moreland given by the officer in his report, and the large number of drug purchases the officer had investigated in Carroll County. These matters were fully explored in cross-examination. At most, they raise issues of credibility and weight of evidence for the jury to decide. *Evans v. State*, 207 Ga. App. 358, 359 (1) (427 SE2d 837) (1993).

Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.

DECIDED JUNE 23, 1994.

Word & Flinn, Candace E. Rader, for appellant.
Peter J. Skandalakis, District Attorney, Jeffrey W. Hunt, Assis-

*tant District Attorney*, for appellee.